# Hilyard's Estate.

Testator bequeathed the sum of $10,000 to his executors, in trust, to put the same out at interest, and pay and apply the interest and income thereof, from time to time as it should be received, unto his sister K. for and during all the term of her natural life, and from and after her decease the said sum over; and died leaving upwards of $44,000 invested at interest. *Held* that K. was entitled to the interest of the $10,000 for the year after the testator's death.

Where a sum of money is bequeathed by will, the legatee is not entitled to interest for the year after the death of the testator: it is otherwise where the bequest is of an income or annuity.

THIS was an appeal from the decree of the Orphans' Court for the city and county of *Philadelphia*, confirming a report of auditors disallowing the sum of $600, which the appellant, Keziah Tomlinson, claimed as one year's interest on the sum of $10,000 bequeathed to her by the will of Abraham Hilyard, deceased—the material part of which was as follows:

"I give and bequeath unto my executors, &c., the sum of $10,000 in trust, to put and place the same out at interest on some good security, and pay and apply the interest and income thereof, from time to time, when and as the same shall be got in and received, unto my sister Keziah Tomlinson, &c., for and during all the term of her natural life, &c. And from and immediately after her decease, then I give and bequeath the said sum of $10,000 to be equally divided, share and share alike, between all the children of my late brother, &c."

It appeared that the testator left at his decease investments in bonds, mortgages, notes, &c., bearing interest, to the amount of $44,676.53. The appellant claimed interest on the $10,000 for the year after the testator's death.

*T. Sergeant, Jun.* and *Keemlé*, for the appellant, contended that

the bequest to Keziah Tomlinson was an annuity, and therefore she was entitled to the interest of the sum bequeathed for the year after the testator's death; and cited 5 *Binn.* 472; *Ward on Legacies* 301; 1 *Turn. & Rus.* 241; 9 *Vez.* 549.

*Williams, contra.* The 51st section of the Act of 24th February 1834, relating to executors and administrators, provides that legacies, if no time be limited for the payment thereof, shall, in all cases, be deemed to be due and payable at the expiration of one year from the death of the testator. The bequest here is not of an annuity, but of a gross sum; and the interest is not payable for the first year after the testator's death. 1 *Rop. on Leg.* 25; 2 *Ib.* 185; 7 *Vez.* 89; 1 *Sch. & Lef.* 10; 13 *Vez.* 333; 1 *Rop. on Leg.* 588.

The opinion of the Court was delivered by

SERGEANT, J.—Where a sum of money is bequeathed by a will, it does not carry interest for a year from the death of the testator, because the executor is not bound to pay it before the end of the year, this period of time being given to him by Act of Assembly, to collect in the moneys, pay off the debts, and ascertain the situation of the estate; and this is the rule even though the personal estate be invested in funds drawing interest; for the interest running on in such case during the year belongs to the bulk of the estate. To this rule, however, there are exceptions, founded on the intention of the testator, the character and situation of the legatee, and other circumstances; and an executor may, if he please and it is not attended with inconvenience, pay legacies or hand over the residue even within the year. 1 *Turn. & Russ.* 232.

Where, however, it is not a bequest of the *corpus*, but of an income or annuity, there a contrary rule prevails; and the legatee of interest for life has been allowed it from the death of the testator. In *Eyre* v. *Golding*, (5 *Binn.* 472), the testator bequeathed to his daughter the interest of £400, to be paid her annually during her natural life, and at her decease over. It was held that the legatee was entitled to interest at the end of the first year from the testator's death. TILGHMAN, C. J. said, "the devise is not of a gross sum, but in nature of an annuity. There is a difference between a legacy of a sum of money to one for term of life, and a bequest of a sum to be paid annually for life. In the former case, the legacy not being payable till the end of a year from the testator's death, carries no interest for that year; but in the latter, the first payment of the annuity must be made at the end of the first year, or the intention of the testator is not complied with." Between that case and the one before us, I perceive no difference. Interest is in its nature an annual profit; and a direction to pay interest makes it payable annually, without anything further. There certainly can be no difference between an immediate bequest of the interest of £400, and a direction to executors to invest that sum,

[Hilyard's Estate.]

and pay the interest. In both cases, they must have that sum invested in order to produce the interest. Accordingly, at the last term, in *Binney* v. *Seaton,* the same principle was decided; the only dispute in that case being as to the right of John Francis Newton to the first year's interest, where the testator had directed his executors to separate from the rest of his effects, and invest in a manner they might deem most safe and productive, the. sum of $44,000, and bequeathed the interest or annual income thereof to his brother, John Francis Newton, for and during his natural life, and after his death over. In *Fearns* v. *Young,* (9 *Vez.* 553), it is said by the *Lord Chancellor,* that it is not very well settled whether a tenant for life even of an annuity bequeathed, was entitled to interest from the death of the testator, or from a year afterwards. He referred to the opinion of Baron THOMPSON, that the first payment of an annuity was made at the end of a year; and the opinion of several masters, that it was not till the end of two years. The first of these opinions is now well settled. An impression had also been produced by the case of *Sitwell* v. *Bernard,* (6 *Vez.* 520), that the tenant for life of interest arising from a residue, was not entitled to it for the first year. It was afterwards declared in 1 *Turn. & Russ.* 241, that this case had been misunderstood, there being a direction there that the interest should accumulate. And in *Angerstein* v. *Martin,* (1 *Turn. & Russ.* 232, 11 *Cond. Eng. Chan.* 133), a testator having devised lands to A. for life, remainder to his children in strict settlement, directed the residue of his personal estate, (subject to the payment of debts and legacies), with all convenient speed to be laid out in the purchase of land to be settled forthwith to the same uses; with a proviso that the trust moneys, until they should be laid out, might be invested upon government or real securities, the dividend and interest of which were to go and be paid as the rents of the land to be purchased would go and be payable. A large portion of the testator's personal estate, not required for the payment of debts and legacies, being invested in the funds and upon securities carrying interest, the tenant for life was held entitled to the interest of that portion from the death of the testator. So in *Hewitt* v. *Morris,* (1 *Turn. & Russ.* 241, 11 *Cond. Eng. Chan.* 138), a testator directed his executors to invest the residue of his estate, after payment of debts and legacies, in the funds or in securities, the interest to be paid to A. for life, and after his death, the interest to, be held· upon trusts for his children. The tenant for life was held entitled to interest accruing within the year next after the testator's decease, on funds in which the testator's property stood invested at the time of his death, and which were not required for the payment of debts and legacies.

That feature exists in the present case, it appearing that the sum of $47,000 and upwards was invested at the testator's decease. I perceive no equity in taking this interest from the legatee for the

[Reitzel v. Franklin.]

benefit of other or residuary claimants; and on the authority of the cases decided, we are of opinion that the legatee is entitled to the interest from the death of the testator.

Decree reversed, and decree that the appellant, Mrs Keziah Tomlinson, be allowed the interest during the first year from the death of the testator.