## SARAH L. COOKE *vs*. MEEKER and CONSELYEA.

Where a sum of money is bequeathed to executors, to be put out at interest, and to pay over the income, the person for whom the provision is made is entitled to interest on the same from the death of the testator, provided a sufficient amount remains, after deducting debts, and other legacies.

The statute, providing that no legacy shall be paid until after the expiration of one year from granting letters testamentary, unless the same is directed by the will to be sooner paid, does not stand in the way of this principle.

APPEAL from a judgment rendered at a special term. The action was brought by a legatee, against the trustees under a will, to recover interest upon a legacy, from the time of the death of the testator. The justice before whom the cause was tried at special term found the following facts: I. That Joseph Conselyea, by his will, dated August 2, 1856, and proved before the surrogate of Kings county, December 20, 1856, gave and bequeathed to the defendant, Samuel M. Meeker, $3000 upon trust, " to invest the same on bond and mortgage, and apply the interest and income thereof to the use of the plaintiff during her natural life." That he also bequeathed to the said Meeker the further sum of $3000 in trust, " to invest the same on bond and mortgage, and apply the interest and income thereof to the use of Ann Cooke, a sister of the plaintiff, during her natural life." That said testator also provided, in and by said will, that "in case of the death or resignation of the said Samuel M. Meeker, before the termination of the trust thereby created and vested in him, or if from any cause he should not assume the execution thereof, he did thereby appoint his son, William Conselyea, as trustee, in the place and stead of the said Samuel M. Meeker, to take and hold the several sums of money herein-before given and bequeathed to the said Samuel M. Meeker, upon the same trusts, and apply the said several sums, and the respective incomes thereof, to the same uses therein-before particularly specified, with the same powers, authority and direction as are thereinbefore given to the said Samuel

Cooke *v.* Meeker.

M. Meeker. That he also bequeathed to the defendant, Conselyea, the sum of $5000 in trust, "to invest the same on bond and mortgage, and apply the interest and income thereof to the use of Joseph Cooke, (a brother of the plaintiff,) during his natural life." That he further provided by his will, that in case any claim or demand should be presented and allowed against his estate in favor of Doct. Chauncey L. Cooke, (the father of the beneficiaries above named,) the same should be paid rateably out of the principal of the several sums given and bequeathed to the defendants Meeker and Conselyea, respectively, in trust for the above named children of Doctor Cooke. That the testator bequeathed various other legacies, amounting to $23,000, making the aggregate amount of legacies by his will $34,000. That all the rest, residue and remainder of his estate, he gave to his son, the defendant, William Conselyea. That by the ninth clause of his will, he authorized and empowered his executors to pay and discharge the several legacies and bequests made by the will, or either or any of them, by transferring and delivering to the several legatees such bonds and mortgages belonging to his estate, to be selected by his executors, as might amount either severally or collectively to the legacy paid off. That he appointed the defendants, William Conselyea and Samuel M. Meeker, executors. II. That the testator died October 10, 1856. His will was duly admitted to probate by the surrogate of Kings county, and letters testamentary were granted to the defendants on the 20th day of December, 1856. That the defendants, Meeker and Conselyea, duly qualified as executors of said will, and took possession of all the real and personal estate of the testator, and that the said Samuel M. Meeker assumed and took upon himself the execution of the trusts specified in said will. III. That the testator left bonds and mortgages amounting to $39,121, all drawing interest at the death of the testator. That the amount of the legacies was $31,000.

That there were no debts against the estate, except the demand of Dr. Cooke, hereinafter mentioned. That the estate was ample to pay all legacies. That there was a large real and personal estate drawing interest. That the executors took possession and control of said estate from the time of the testator's death. That the bonds and mortgages set apart were part of the estate left by the testator, and were drawing interest at and from the time of the testator's death. IV. That on the 3d day of June, 1857, Doctor Cooke presented to the executors a claim against the testator, duly verified, amounting to $326, which was afterwards allowed by the executors and paid to him on the 19th of December, 1857. By the terms of the will three elevenths of this claim, amounting to $116.18, is directed to be paid out of the principal bequeathed to the defendant Meeker, in trust for the use of the plaintiff. V. That on the 19th of December, 1857, the defendant Meeker received from the executors, for the use of the plaintiff and her sister Ann, during life, the sum of $5767.64, of which $5691 was in mortgages and $76.64 in cash. VI. That this action was commenced on the 5th day of June, 1858, at which time the defendant Meeker had received as the interest or income of the above sum of $5767.64, the sum of $64.47, of which one half, $32.23, was for the use of the plaintiff. VII. That prior to the commencement of this action, Doctor Chauncey L. Cooke, who had been duly appointed the general guardian of the plaintiff, demanded of the defendant Meeker, for the use of the plaintiff, interest on the sum of $3000 from the time of the testator's death. This Meeker refused to pay, but offered to pay him the amount of interest or income he had received since the trust fund was paid to him, on the 19th of December, 1857. This offer the plaintiff's guardian refused to accept, claiming that he was entitled to interest from the time of the testator's death.

The referee further stated that he could not find any clear

intent on the part of the testator to give interest before the legacy became payable by the terms of the statute.

From the foregoing facts, he found and decided the following conclusions of law : I. That the legacy in question was not payable until the expiration of one year from granting letters testamentary, and the plaintiff was not entitled to interest thereon prior to December 20, 1857. II. That the complaint must be dismissed with costs.

*T. C. Pinckney,* for the appellant. I. The plaintiff excepted to the decision of his honor, Mr. Justice Leonard, as to his eighth finding of fact in this action, whereby he says, "I can not find any clear intent on the part of the testator to give interest before the legacy became payable by the terms of the statute ;" whereas he, the said justice, ought to have found the contrary, and that it was clearly the intent of the testator to give the interest and income of the said legacy to the plaintiff, from the time of the testator's death. That the terms of the will, the relation of the parties, and the condition of the estate demonstrate this. The intention of the testator, as to the legacy, is to be gathered from the whole will taken together, and the surrounding circumstances, &c. (*Walton* v. *Walton,* 7 *John. Ch.* 258. *Willard's Eq.* 490. 2 *Mass. Rep.* 56. 9 *id.* 514.) The trustees were the executors of the estate, and at the time of the testator's death took possession of all his estate, including bonds and mortgages, drawing interest, in amount far beyond the payment of all the legacies. The will empowered the executors to pay off and satisfy all or any of the legacies with said bonds and mortgages, drawing interest; a portion were ultimately turned (it is alleged by the defendants) on account of the legacy in question. The executors were receiving the interest and income of all the estate from the testator's death. A gift or bequest of the *interest and income* of a specific sum, as in this case, carries the interest and income from the testator's death. Where a sum of

Cooke *v.* Meeker.

money is bequeathed to executors to be put out at interest, and pay over the income to A., A. is entitled to interest on the sum from the death of the testator. Interest on a legacy, "given for life for separate use," runs from the death of the testator. (*Bird's estate*, 2 *Parson's Eq. Rep.* 168; *S. P.* 14 *Serg. & R.* 232. *Hillyard's estate*, 5 *Watts & Serg.* 30, and cases therein cited. *S. C.* 2 *Sup. U. S. Dig.* 312. *Hewitt* v. *Norris*, 1 *Turn. & Russ.* 241. *S. C.* 11 *Cond. Eng. Ch.* 133, 138. *Eyre* v. *Golding*, 5 *Binn.* 472. *Craig* v *Craig*, 3 *Barb. Ch.* 76.) In the case of Hillyard's estate, above cited, it was shown as in the present case, that the testator left at his decease investments in bonds and mortgages *drawing* interest, to a large amount, and considerable stress was laid on that fact by the court. (*See also* 2 *Mad. Ch.* 78, 79, 81, 83.)

II. The plaintiff also excepted to the decision of his honor, Mr. Justice Leonard, as to his first conclusion of law, whereby he finds and decides "that the legacy in question was not payable until the expiration of one year from granting letters testamentary, and the plaintiff is not entitled to the interest thereon prior to December 20, 1857;" whereas he, the said justice, ought to have found and decided as a conclusion of law, the contrary, and that the plaintiff was entitled to the interest and income of the legacy from the time of the death of the testator. (*Hillyard's estate*, 5 *Watts & Serg.* 30; *S. C.* 2 *Sup. U. S. Dig.* 212. *Ward on Legacies*, 301. 9 *Ves.* 549. *Hewitt* v. *Morris*, 1 *Turn. & Russ.* 241. *S. C.* 11 *Cond. Eng. Ch.* 133, 138. *Eyre* v. *Golding*, 5 *Binn.* 472. *Craig* v. *Craig*, 3 *Barb. Ch.* 76. *Also* 2 *Parson's Eq. Rep.* 168. 14 *Serg. & R.* 232, above cited.) In the case in 5 *Watts & Serg.* 30, in the supreme court of Pennsylvania, above cited, the provision of the will was, "I give and bequeath unto my executors, in trust, to put and place at interest," &c. "and pay and apply *the interest and income thereof* from time to time," &c. "unto my sister Kesiah Tomlinson," &c. "for and during all the term of her natural life," &c. The

appellant, Kesiah Tomlinson, claimed interest on the sum bequeathed, for the year after the testator's death. The court held that the appellant was entitled to the interest during the first year from the death of the testator. One of the head notes to this case reads thus : " When a·sum of money is bequeathed by will, the legatee is not entitled to interest for the year after the death of the testator ; *it is other-wise when the bequest is of an income* or annuity." All the American and English authorities on the point were before the court. This case also refers to *Binney* v. *Seaton,* then recently decided by them on the same point, in the same way. Our statute in this state, in reference to the time for the payment of legacies, is substantially the same as in Pennsylvania, (*Purdon's Dig. of Penn. Stat.* 443, § 51, *6th ed.,*) and both correspond in substance with the English law. All the cases show that the limitation of our statute is not inflexible, but legacies may be payable before the expiration of a year, by *implication.* "From the terms of the bequest, an intention to give *interest,* may be implied." (2 *Mad. Ch.* 83, 84 *and note* I, *and authorities therein cited.*)

III. The plaintiff also excepted to the decision of his honor, Justice Leonard, as to his second conclusion of law, whereby he dismissed the complaint with costs. The same authorities apply here as under the first and second points. The plaintiff was entitled to ˙judgment, at all events, for the amount admitted to be due. A demand was made on the trustee for the interest and income, on behalf of the plaintiff, but the trustee made no legal tender of what he considered due, nor did he pay any money into court.

IV. The exception, taken upon the trial, in reference to Dr. Cooke's claim, was well taken. (*Beekman* v. *Bonsor,* 23 *N. Y. Rep.* 298.)

V. At the instant of a testator's death his executors become vested with all his personal estate, and are deemed in law (and in the present case the were in fact) in possession from the tes-

tator's death. (1 *T. R.* 480. *Rockwell* v. *Saunders*, 19 *Barb.* 473. 10 *Pick.* 463. 9 *Mass. Rep.* 337.)

VI. Each executor has entire control of the personal estate, and may release or pay a debt, or *transfer any part of the testator's property without the concurrence of the other executor.* (2 *Wheaton's Selwyn,* 782, 783, *citing* 2 *Ves.* 267, *and Wheeler* v. *Wheeler,* 9 *Cowen,* 34, *and S. P., Murray* v. *Blatchford,* 1 *Wend.* 583, *in Court of Errors.*)

VII. The trustee in the present case was one of the executors, and had posssession and control of all the personal estate; and *could have applied the bonds and mortgages at any time,* and should have done so.

*S. M. Meeker* and *C. M. Briggs,* for the respondents. I. The bequest of $3000 to the defendant Meeker was a legacy to him, in trust to invest and pay the income for life to the plaintiff; (*Booth* v. *Ammerman,* 4 *Bradf.* 129; *Lawrence* v. *Embree,* 3 *id.* 364; *Cogswell* v. *Cogswell,* 2 *Edw. Ch.* 231; 1 *Roper on Legacies,* 588, 877; 2 *id.* 1246;) and did not begin to carry interest until December 20, 1857, one year after letters testamentary were granted to the executor. (2 *R. S.* 9, § 43. *Booth* v. *Ammerman,* 4 *Bradf.* 129.)

II. The statute providing that no legacy shall be paid, until after the expiration of one year from the granting letters testamentary, unless the same is directed by the will to be sooner paid, the burden was upon the legatee to show a clear intent on the part of the testator that interest should be paid from the time of his death. (*Bradner* v. *Faulkner,* 2 *Kern.* 476.)

III. No such intent appears from the testator's will, either by express direction or implication. 1. The amount of the legacy was uncertain. The sum named by the testator was subject to diminution by any claim or demand that might be presented by the father of the legatee. 2. It was also subject to reduction or abatement by the testator's debts; and the amount of his debts could not be ascertained until the

expiration of a year, after granting letters testamentary. The claim of Doctor Cooke was not presented until six months after letters were granted. 3. Nor will the provision in the will, authorizing the executors to pay the legacies by transferring mortgages, to be selected by them, carry the implication that the testator intended they should be paid within the year. It was not a direction to transfer specific mortgages. It was simply a direction to the executors, to pay the legacies, either in money or in such mortgages as they might have on hand, when the legacy became payable.

IV. The legacy was not paid over by the executors, to the trustee, until December 19, 1857, and he could only be held liable for such interest or income as he received after that date. The bequest of the principal was to him to invest, and was payable out of the assets in the hands of the executors as such. If there had been no debts, or no claim outstanding in favor of Doctor Cooke, the bonds and mortgages could not have been transferred to the trustee, without the concurrence of both executors.

*By the Court,* CLERKE, J. Notwithstanding that the statute provides, what was previously to its passage generally recognized, that no legacy shall be paid until after the expiration of one year from granting letters testamentary, unless the same is directed by the will to be sooner paid, yet the weight of authority is in favor of allowing the payment of *annuities* or *incomes* to commence at the testator's death. The chancellor, in *Craig* v. *Craig,* (3 *Barb. Ch. Rep.* 105,) takes this for granted ; referring to *Gibson* v. *Bott,* (7 *Vesey,* 96 ;) *Fearnes* v. *Young,* (9 *id.* 553 ;) *Rebecca Owings' case,* (1 *Bland's Ch. Rep.* 296.)

In the case of *Houghton* v. *Franklin,* (1 *Sim. & Stu.* 392,) Sir John Leach, V. C. declared that as a will speaks at the death of a testator, it must be intended that the payment of an annual sum given by it is to commence from that period, unless there are some circumstances or expressions in the

will to control that intention. I may add to the above a great number of cases to the same purport. At the hearing, I was inclined to the opinion that the rule allowing payment to commence from the death of the testator applied only to what may be strictly called annuities, such as a charge upon specific lands, or specific personal property. But in *Craig* v. *Craig* no specific property was appropriated to the payment of the annuity. After making provision for the payment of his debts, and giving some small legacies to collateral relatives, the testator directed that, out of the residue of his estate, investments were to be made, to produce the annuities in question. In *Gibson* v. *Bott* the testator bequeathed all the residue of his property to his executors, upon trust, &c.; and he directed that they should stand possessed as well of the moneys by him already invested as of the moneys to be invested, and the interest and dividends, &c. and to pay one moiety of the clear yearly interest, dividends and proceeds, to each of his two daughters, and their assigns, for life, &c. The provision made by the testator, in *Feames* v. *Young*, is similar.

The two later cases of *Augerstein* v. *Martin*, (1 *Turner & Russell*, 232,) and *Hewitt* v. *Morris*, (*Id.* 241,) are very much in point. In the one, the testator having devised lands to A. for life, &c. directed the residue of his personal estate, subject to the payment of debts and legacies, with all convenient speed to be laid out in the purchase of lands to be settled forthwith to the same uses. A large portion of the testator's personal estate, not required for the payment of debts and legacies, being invested in the funds and upon security carrying interest, the tenant for life was held entitled to the interest of that portion from the death of the testator. In *Hewitt* v. *Morris* the testator directed his executors to invest the residue of his estate, after payment of debts and legacies, in the funds or upon securities, the interest to be paid to A. for life, and, after his death, the principal to be held upon trusts for his children. The tenant

Cooke *v.* Meeker.

for life was held to be entitled to interest accruing within the year next after the testator's death, upon funds in which the testator's property stood invested at the time of his death, and which were not required for the payment of debts and legacies.

In the case of *Hillyard's estate,* (5 *Watts & Serg.* 30,) the bequest was to the executors in trust, to put at interest a certain amount, and apply the interest and income thereof, from time to time, unto the testator's sister. The court held that she was entitled to the interest during the first year from the death of the testator.

These and other cases, I think, fully sustain the principle that where a sum of money is bequeathed to executors to be put out at interest and to pay over the income, the person for whom the provision is made is entitled to interest on the same from the death of the testator, provided a sufficient amount remains, after deducting debts and other legacies.

Our statute, providing that no legacy shall be paid until after the expiration of one year from granting letters testamentary, unless the same is directed by the will to be sooner paid, does not stand in the way of this principle. The same provision exists in Pennsylvania; and both substantially correspond with the English law. It has been regarded, in all the cases to which I have referred, as not applying to incomes or annuities. It was not necessary, therefore, that the testator should have expressly directed, in the case before us, that the interest on the amount which he orders the executors to invest for Sarah Cooke, should accrue for her benefit from the time of her death. The law implies that such was his intent, as he did not direct that it should accrue from a later period.

The exception taken upon the trial, in reference to Dr. Cooke's claim, is untenable; as the amount of it is to be deducted from the provision made for Dr. Cooke's children.

The judgment should be reversed, and a new trial ordered.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]