## WALTERS *a.* THE PEOPLE.

*Supreme Court, First District ; At Chambers, June,* 1865.

WRIT OF ERROR.—REMITTITUR FROM COURT OF APPEALS.—
SENTENCE.

Where, after sentence in a criminal case in a Court of Sessions, the judgment is reviewed upon writ of error, and affirmed in the Court of Appeals, and the day for execution fixed by the sentence has passed, it is competent for the Court of Appeals, in remitting the record, to direct the Court of Sessions to sentence the prisoner anew.

This may be done as well by remitting the proceedings to the Supreme Court, with directions to that court to remit them in turn to the Court of Sessions, as by remitting them to the Court of Sessions in the first instance.

The Court of Sessions, after the affirmance of judgment, have power to pass a full sentence anew, if the day fixed by the original sentence of execution has passed.

Application for a writ of error to the Court of Sessions of New York.

INGRAHAM, J.—An application is made for the allowance of a writ of error in this case. The prisoner was tried in the Sessions, and sentenced to be executed on 16th April, 1864, and a writ of error was brought. The judgment was affirmed in the

Supreme Court, and afterwards, in April, 1865, the judgment was affirmed in the Court of Appeals.

That court directed the proceedings to be remitted, with directions to the Supreme Court for the first judicial district to remit the proceedings to the Court of Sessions, to pass sentence in accordance with the judgment anew.

The general term of the Supreme Court ordered the record and proceedings remitted to the Court of General Sessions, with directions to pass sentence anew, in accordance with the judgment. The Court of General Sessions, on 12th May, 1865, sentenced the prisoner to be executed on the 23d June, 1865.

The alleged error consists in the direction of the Court of Appeals, followed by the Supreme Court, in ordering the Sessions to sentence the prisoner anew, and in the General Sessions so sentencing the prisoner to death.

The 26th section of the chapter in regard to writs of error, &c. (3 *Rev. Stat.*, 1035), provides, when the Supreme Court affirms a judgment in a capital case, it shall direct the sentence pronounced to be executed. In such a case, if the time of execution had passed, the court could fix another day for the execution.

The Court of Appeals might in this case have so ordered, and either remitted the case to the Supreme Court to fix the day of execution, or might have ordered when the execution should take place.

In 1863, the 24th section, before referred to, was amended by adding to it a proviso, that the appellate courts should have power, upon a writ of error, when it shall appear that the conviction has been legal and regular, to remit the record to the court in which such conviction was had, to pass such sentence thereon as the appellate court shall direct.

Under this amended section, either course might have been adopted. The Supreme Court could have ordered the sentence to have been executed, and fixed the day of execution, or could have remitted the record to the General Sessions to pass sentence again.

The direction of the Court of Appeals to the Supreme Court to remit the proceedings to the Sessions was not necessary, but at the same time was not error. It may be considered as surplusage, as it only directed what would have been consistent

with the law under a simple affirmance of the judgment. Or, if proper, its force and validity were not affected by remitting the proceedings to the Supreme Court to be remitted to the Sessions to pass sentence anew. Under either view, it was a mere statement and direction to do what the law prescribed for the Supreme Court on an affirmance of the judgment.

Objection is taken to the sentence of the Sessions as being a full sentence, instead of merely fixing a day of execution. The statute does not give the Sessions authority to fix the day, but to pass such sentence anew, in accordance with the judgment of the appellate court. This was done in conformity with the statute. The Sessions is to pass such sentence as the appellate court shall direct.

The final sentence had become a nullity, the time of execution having expired, and when the Court of Appeals ordered the Sessions to sentence the prisoner anew, it was a direction from the appellate court to the court below, in accordance with the statute.

Such direction was given in the Ratzky case by the Court of Appeals directly to the Oyer and Terminer. The fact of the transmission of the directions through the Supreme Court does not, in my judgment, affect the regularity of the proceedings.

My opinion is, that there is no error in the proceedings; and that the application should be denied.