KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—April, 1883.

BULLARD v. BENSON.

*In the matter of the judicial settlement of the account of the executors of the last will and testament of* JOHN BULLARD, *deceased.*

It is not a valid objection to executors' account, that it does not show the amount of the residuary estate, where it does show the amount of such

estate subject to deductions which can only be fixed at the entry of the decree of settlement.

Testator, by his will, which contained a residuary clause, after making provision for his wife, declared that the devises and bequests therein-before made to her, and for her benefit, were "made and shall be accept-ed and received by her in lieu and bar of her dower, and of all claims she may have upon or against my estate, as my widow." He left no children or descendants of children, him surviving. The widow, hav-ing accepted the provisions so made, claimed one half of certain lega-cies, which had lapsed, according to the statute of distributions.—

*Held*, that her acceptance of the testamentary provisions, in lieu of dower and claims against the estate, was a bar to her claim to share in such legacies.

Testator having, by his will, made liberal provision for his wife for the first year after his death, further gave her a life-interest in a share of the residuum; all these provisions being in lieu of dower, and of all claims against his estate by her as his widow.—

*Held*, That the widow was entitled to interest on her share of the residuum from the death of testator, and that the same should be computed at the rate of six per cent. for the first year after testator's death, and, there-after, at such rate as the fund earned in the trustees' hands.

THIS was a judicial settlement of the account of Arthur W. Benson, John R. Bullard and William H. Humphrey, as executors of decedent's will. Objections were filed by Jane E. Bullard, decedent's widow.

The second, third and fourth clauses of the will read as follows:

"*Second.*—I give, devise and bequeath to my beloved wife, Jane E. Bullard, and to her heirs and assigns for-ever, my house and lot known by the number 220 Columbia Heights, in the said city of Brooklyn, running through to Furman street in the said city, together with the appurtenances, to have and to hold the same to her and their sole use and benefit, and I also give and be-queath to my said wife all the household furniture, useful and ornamental, books, paintings, silver plate, plated ware, table furniture, table linen, kitchen furniture and

utensils, beds, bedding and all household goods, and family stores, which shall be in my said house, No. 220 Columbia Heights, at the time of my decease, and I also give and bequeath to my said wife all my horses, carriages, sleighs, harness, robes, and all stable utensils and stable furniture, which I shall own at the time of my decease, except my carriages, harness and stable utensils at 'Glen Haven,' hereinafter bequeathed to my nephew, John R. Bullard.

"*Third.*—I further give and bequeath to my said beloved wife, Jane E. Bullard, the sum of one hundred and fifty thousand dollars, which I direct shall be paid to her by my executors hereinafter named within three years after my decease, at such times and in such amounts as they in their discretion think proper, and it is my will, and I do hereby direct that, until the payment to my said wife of the whole of said sum of one hundred and fifty thousand dollars, interest upon the same, or the balance thereof from time to time remaining unpaid, at the rate of six per cent. per annum, shall be paid by my said executors to my said wife semi annually, such interest to be computed from the time of my decease. And I do hereby recommend my said wife to invest the said sum of money so bequeathed to her in the most approved securities, such as registered bonds of the United States, or registered state or city bonds, as she may be advised by my executors, rather than to invest said money in floating securities that appear to offer a higher rate of income than such registered United States, state or city bonds.

"*Fourth.*—It is my will, and I do hereby order and direct, that the devises and bequests hereinbefore made

to and for the benefit of my said beloved wife, Jane E. Bullard, shall take precedence of, and be first provided for and paid by my executors hereinafter named, before paying or making provision for any of the devises and bequests hereinafter contained."

By the eighth clause, testator gave to his brother William, $25,000; and, by the fourteenth clause, he gave to his cousin Ann Eliza Gurnet, $2,000. Both these legatees died before testator.

By the twenty-third clause, he disposed of the residuum as follows: two fifths to his brother William; one fifth to his nephew John R. Bullard; one fifth to his nephew Lewis H. Bullard; the remaining one fifth to his executors in-trust to invest, and apply the income and interest to the use of his wife for life, and, upon her death, to pay the principal in equal shares to said William, John R., and Lewis H., their respective heirs and assigns, in equal shares.

The twenty-fourth clause read as follows:

" *Twenty-fourth.*—It is my will, and I do hereby declare, that the devises and bequests hereinbefore made to and for the benefit of my beloved wife Jane E. Bullard, are made and shall be accepted and received by her in lieu and bar of her dower, and of all claims she may have upon or against my estate as my widow."

Further facts are stated in the opinion.

CHAS. J. LOWREY, *for objector.*

PHILIP H. ADEE, *for executors.*

THE SURROGATE.—John Bullard died January 13th, 1881, leaving a will, dated February 4th, 1876.

In the second clause of his will, he devises to his wife, Jane E. Bullard, in fee, his house and lot No. 220 Columbia street, Brooklyn, and also gives to her his household furniture, paintings, horses, carriages, etc. In the third clause, he gives a legacy to his wife of one hundred and fifty thousand dollars. In the twenty-third clause, he gives to his wife the interest and income of one fifth part of the residue of his estate, during her natural life. In the twenty-fourth clause, he declares as follows: "It is my will and I do hereby declare that the devises and bequests hereinbefore made to and for the benefit of my beloved wife, Jane E. Bullard, are made and shall be accepted and received by her in lieu and bar of her dower, and of all claims she may have upon or against my estate as my widow."

The testator left no children or descendants of children.

William Bullard, a brother of the testator, to whom a legacy of twenty-five thousand dollars and two fifths of the residue of the estate, amounting to about three hundred and eighty-four thousand dollars, was given, died before the testator, and thus the legacies became lapsed.

The executors now petition this court for a judicial settlement of their accounts, and a decree of distribution.

Mrs. Jane E. Bullard, the widow of the testator, by her counsel, makes the following objections to the account of the executors:

*First.* That said account does not show the amount of the residuary estate.

*Second.* The said Jane E. Bullard objects to the several items of said account wherein the executors have credited themselves with payments to various persons, on account of the residuary estate.

*Third.* That the executors have not paid her one half of the lapsed legacies to which she is entitled, according to the statute of distributions.

*Fourth.* That the executors have not paid her interest on her life legacy of the one fifth of the residuary estate from the date of the death of the testator.

I think, in reference to the first and second objections, that they are not well taken, for the reason that the exact amount of the residuary estate cannot be ascertained until all commissions, allowances and expenses attending this accounting have been settled and allowed. The account, however, does show the amount of the residuary estate to be $891,166.35, subject to the deductions as aforesaid, which can only be fixed at the entry of the decree. The fact that the executors have made payments to some of the residuary legatees, on account of their share, does not in any way affect Mrs. Bullard's interest, for they have retained sufficient funds in their hands to meet any claim which may be adjudicated due her from them. The first and second objections must, therefore, be overruled.

The third objection raises a much more important and serious question, for, if Mrs. Bullard is correct in her interpretation of the law relative to the disposition of the lapsed legacies, she would be entitled to about one hundred and ninety-two thousand dollars more than the executors have credited her with. I think that, the widow having accepted the provision of the will in lieu of dower, and of all claims she may have upon or against the testator's estate as his widow, she is restricted to the provisions made for her benefit, and cannot share in the lapsed legacies. In the case of Chamberlain v. Cham-

berlain (*43 N. Y.*, *443*), which I think is conclusive on that point, Judge ALLEN, in writing the opinion of the court, observes: "If there had been no attempt to dispose of any other portion of the estate, and, except as to the widow, the decedent had died intestate, it is not denied that an acceptance of the provision would have excluded the widow from all participation in the estate not disposed of. The words employed are sufficient to exclude the widow's claim to receive any portion of the estate not specifically given to her by the will;" and further on he says: "I am of the opinion that the widow is, by the terms of the will, upon acceptance of the provisions made for her, excluded from all share in the residue of the estate, whether disposed of or not, and that, in its distribution, only those other than the widow entitled under the statute of distributions can share." And so, also, in Kerr v. Dougherty (*79 N. Y.*, *346*), Judge MILLER says: "In the case at bar the widow took the residue, after the payment of the legacies. As some of them are void, another residue remains, and this she was not entitled to within the rule laid down; and as the estate was disposed of in two parts, and the first was invalid, the second does not pass to the legatee, but goes to the next of kin."

It will be noticed, by the twenty-fourth clause of the will, that the testator was not only explicit in barring the widow's dower, but he adds : "of all claims she may have upon or against my estate as my widow," thereby showing that he intended that the provisions made in his will for the benefit of his wife should be in full satisfaction for all dower or other distributive share arising from lapsed legacies or otherwise. I am, therefore, of the

opinion that the widow is not entitled to any portion of the lapsed legacies, but that the same must be distributed to the next of kin, and that the objection must be overruled.

In regard to the fourth objection, by which the widow claims interest in the one fifth part of the residuary estate devised to her, I am inclined to think that it is well taken. The executors in making up this, their account, only credit her with interest on the amount of her share in the residuary from one year after the testator's death.

At common law, the general rule is that interest upon a legacy is payable only at the expiration of a year from the testator's death. By the provision of the Revised Statutes, no legacies are to be paid until after the expiration of one year from the time of granting letters testamentary, unless the same are directed by the will to be sooner paid (2 R. S., 90, § 43). This is an affirmance of the doctrine of common law.

In the case at bar, the provision in the testator's will, under which this question arises, is one of the three which was made for the benefit of the widow in lieu of her dower, for, by the twenty-fourth clause of his will, he says : "I do hereby declare that the devises and bequests heretofore made to and for the benefit of my beloved wife, Jane E. Bullard, are made and shall be accepted and received by her in lieu and bar of her dower."

In the case of Williamson v. Williamson, (*6 Paige, 304*), Chancellor WALWORTH, after reviewing the authorities, observes that "the result of the English cases appears to be, and I have not been able to find any in this country establishing a different principle, that in the bequest of a life estate in a residuary fund, and where no

time is prescribed in the will for the commencement of the interest, or the enjoyment of the use or income of such residue, the legatee for life is entitled to the interest or income of the clear residue, as afterwards ascertained, to be computed from the time of the death of the testator." The same doctrine was maintained in Cooke v. Meeker (*36 N. Y., 20*); 2 Williams on Executors (*6th Am. ed., 1492, and note l.*); Lynch v. Mahoney (*2 Redf., 474*). So also, in Sargent v. Sargent (*103 Mass., 299*), GRAY, Ch. J., says:

"In this court, the general rule is established, that the tenant for life is entitled to the income of a residue given in trust from the time of the testator's death; because any other rule would take away the income from the tenant for life, and apply it to the increase of the capital for the benefit of the remainderman. The rights of the tenant for life, certainly, can be no less in a special fund set apart by the testator than in a residuary bequest. The necessary delay in carrying out the secondary and incidental intention of the testator, as to the form of investment, should not be allowed to defeat his primary intention, as to the immediate benefit of the fund."

But it is sought to take this case out of the rule by showing that the testator had made liberal provisions for his wife in the second and third clauses of his will for the first year after his death, and for that reason the legacy should only draw interest from one year after the testator's death.

I think the executors cannot separate the last provision from the others. All must take effect from the death of the testator, as all were expressly given in lieu of dower. Interest must, therefore, be allowed Mrs. Bul-

lard on the one fifth part of the residuary, directed to be invested for her benefit from the death of the testator.

The fourth objection must be sustained.

On June 19th, 1883, the following additional opinion was filed :

THE SURROGATE.—Upon the submission of the findings in this case, another question was presented, which was not argued by counsel on either side on the former submission, viz. : Who is entitled to the two lapsed legacies, one of $2,000 and the other of $25,000, the legatees having died before the testator ?

I am of the opinion that they fall into the residuum, and that John R. Bullard and Lewis H. Bullard, who survived the testator, each take one fifth of the same under the residuary clause; and two fifths of the $27,-000 bequests, which might have gone to William Bullard under the residuary clause but for his death, and the one fifth, which the widow might have taken but for the bar by the will, devolve to the next of kin.

In reference to the question of interest to which the widow is entitled on the one fifth residuary directed to be invested for her benefit, I think she should receive interest at the rate of six per cent., per annum, for one year from the testator's death, and, since that time, such interest on the principal share as it earned in the hands of the trustees.

Decreed accordingly.