# Cases

# FOURTH DEPARTMENT

AT

## GENERAL TERM,

### February, 1890.

JOHN D. BARROW, REBECCA H. BARROW, ELIZABETH
BARROW AND GEORGE BARROW, PLAINTIFFS, *v.* HENRY
BARROW AND EDWARD WOOD, EXECUTORS OF THE LAST
WILL AND TESTAMENT OF EDMUND H. PRIOR, DECEASED,
DEFENDANTS.

*Will — when the income of a trust fund created thereby is payable from the time of
the death of the testator.*

A testator, by his will, provided as follows: "I do give and bequeath to my
executors hereinafter named, and the survivor of them, the sum of $60,000, in
trust, that they invest the same in good securities, and that until the death of the
survivor of my nephew, John D. Barrow, and niece, Mary L. Barrow, they
apply the net interest and income therefrom to the use of my nephews and
nieces, children of my sister, Elizabeth M. Barrow, as follows, namely:
To John D. Barrow, Rebecca H. Barrow, Elizabeth Barrow, George Barrow
and Mary L. Barrow, each one equal share annually, and every year, in half-
yearly payments."
The testator's estate was inventoried at the sum of $461,575, the assets of which
consisted of bank stocks, cotton-mill stocks, gas-light stocks, etc., interest-
bearing securities, none of which were such as the law permits trustees to
invest in.
*Held,* that the income of the $60,000 was payable to the beneficiaries named in the
will from the date of the death of the testator.

SUBMISSION of a controversy, without action, under section 1279
of the Code of Civil Procedure. On the 13th day of December, 1879,
Edmund H. Prior made his last will and testament wherein he

appointed Henry Barrow and Edward Wood his executors. He died in Westchester county October 16, 1888, and his will was probated on January 18, 1889, and the executors qualified and entered upon the discharge of their duties as such executors. The plaintiffs claimed that under the will of Edmund H. Prior, deceased, the net interest or income on the amount given to the executors in trust, and directed to be invested by them for their benefit, commenced from the day of the death of the testator that is, October 16, 1888, and that they were, therefore, entitled to income for the first year subsequent to said date. To the contrary thereof, the executors claimed that the income or interest did not commence until one year subsequent to said death of said testator, and that the plaintiffs were not entitled to any interest for the first year after the death of the testator.

The plaintiffs claimed under the following clause of the will : " I do give and bequeath to my executors hereinafter named, and the survivor of them the sum of sixty thousand dollars, in trust, that they invest the same in good securities, and that until the death of the survivor of my nephew John D. Barrow and niece Mary L. Barrow, they apply the net interest and income therefrom to the use of my nephews and nieces, children of my sister Elizabeth M. Barrow, as follows, viz.: To John D. Barrow, Rebecca H. Barrow, Elizabeth Barrow, George Barrow and Mary L. Barrow, each one equal share annually, and every year in half-yearly payments, and should any of my said nephews and nieces die before the death of said survivor, leaving lawful issue him or her surviving, then the share of the income to which the said deceased nephew or niece would be entitled, if living, shall be paid to such issue, if one, solely ; if more than one jointly and equally ; but should there be no such lawful issue surviving, then the income of such share shall be divided among the survivors of my said nephews and nieces and their issue, so that each one of my said nephews and nieces shall take one share, and the issue of any deceased one shall take the share of the parent, and upon the death of the survivor of my said nephew and niece, then the said sum of sixty thousand dollars is to fall into my residuary estate and be disposed of as hereinafter mentioned."

In the case submitted it appeared " that the estate left by the said Edmund H. Prior was inventoried at the sum of $461,575, that the assets owned by said testator at the time of his decease, and

which passed to his executors, and which they took under their control upon the testator's death, consisted of bank stocks, cotton mill stocks, gas-light company stocks, railroad bonds and interest-bearing notes; that substantially the whole of said estate was invested at the death of the testator in securities *bearing interest*, and together averaging five per cent per annum; and that the said estate in the executors' hands now amounts to about $498,000. That none of said estate was at testator's death invested in such securities as the law permits trustees to invest in, and that the amounts bequeathed to said executors in trust as aforesaid has not been set apart and was at no time previous to the 16th day of October, 1889, invested by the said executors. * * * That the said testator at the time of his decease was substantially free from debt."

The submission further stated: "The question submitted to the court upon this case is as follows: 1. Under the will of Edmund H. Prior, deceased, and the above statement of facts, are said John D. Barrow, Rebecca H. Barrow, Elizabeth Barrow and George Barrow entitled to the income on said trust legacy from the time of the death of said Edmund H. Prior? If this question is answered in the affirmative, then judgment is to be rendered against the said executors, and to be paid out of said estate for the amount claimed, $3,429. If answered in the negative, judgment is to be rendered in favor of the executors. That this submission be filed in the clerk's office of Onondaga county."

*George Barrow*, for the plaintiffs.

*Wilson M. Powell*, for the defendants.

HARDIN, P. J.:

The language of the will before us is quite unlike that found in the will that was the subject of construction in *Bradner* v. *Faulkner* (12 N. Y., 472). In that case "the sum of $16,000 to be paid to her by my executors out of my personal estate as soon as the same can be collected after my decease" was the language under which Mrs. Faulkner sought to recover interest from the decease of the testator. It was said by the court that the language used, as well as the other circumstances appearing in the case, did not indi-

cate an intent on the part of the testator that the legatee should receive interest from the time of the death of the testator, and that to allow such interest it must appear to be the intent of the testator, either by express direction "or by an implication from the provisions of the instrument, which shall be equivalent to such direction." In the will before us the provision is for a gift of $60,000 to the executors in trust, and they are directed to "apply the net interest and income therefrom to the use of" the nephews and nieces, "each one equal share annually, *and every year* in half-yearly payments." It may be observed that the gift or bequest took effect immediately upon the death of the testator, and if we give a liberal construction to the words "every year in half-yearly payments," we may assume that they are sufficiently broad to include the period immediately following the death of the testator. If we assume that the bequest took effect upon the death of the testator, then the words "apply the net interest and income therefrom to the use of my nephews and nieces" would receive a reasonable construction if they were considered sufficient to carry to the beneficiaries any accumulation of interest or income upon that part of the estate of the testator set apart in trust for them.

Some significance may be given to the circumstance that the assets of the estate out of which the trust funds were to come, or in which they were invested at the time of the death of the testator, bore interest, and were yielding an income at the time of the death of the testator according to the language of the submission before us. It appears in the submission of the case that the testator left only $4,000 of real estate, and "that the said testator at the time of his decease was substantially free from debt," and it also appears that "substantially the whole of said estate was invested at the death of the testator in securities bearing interest." These circumstances are somewhat helpful to the position taken by the plaintiffs.

In *Cooke* v. *Meeker* (42 Barb., 533), it was held, viz.: "Where a sum of money is bequeathed to executors, to be put out at interest, and to pay over the income, the person for whom the provision is made is entitled to interest on the same from the death of the testator, provided a sufficient amount remains, after deducting debts, and other legacies." In the case before us it is apparent that there were sufficient assets, after paying the debts and other legacies, to

meet the bequest mentioned in the clause of the will under consideration. In the opinion in that court delivered by CLERKE, J., he said : " The weight of authority is in favor of allowing the payment of annuities or incomes to commence at the testator's death." He adds a citation and considers numerous authorities bearing upon the subject, and says, viz. : " In the case of *Hilyard's Estate* (5 Watts & Serg., 30), the bequest was to the executors in trust, to put at interest a certain amount, and apply the interest and income thereof, from time to time, unto the testator's sister. The court held that she was entitled to the interest during the first year from the death of the testator." This case passed to the Court of Appeals, and the decision thereof is reported in 36 New York, 15, and the decision of the Supreme Court was affirmed. In the course of the opinion delivered in the Court of Appeals, BOCKES, J., referring to the case of *Hilyard's Estate* (5 Watts & Serg., 30), says : " The last case cited is much like the one in hand. The testator gave to his executors a sum in trust to be put at interest, and required them to apply the interest and income to the use of his sister during her natural life. It was held that she was entitled to interest on the sum from the death of the testator. So in *Gibson* v. *Bott* (7 Vesey, 96) the testator placed the residue of his property in trust in the hands of his executors, and directed them to keep it invested, and to pay the interest and dividends to his two daughters and their assigns for life. It was held that they were entitled to the interest thereon from the testator's decease." Surrogate CALVIN followed the decisions in the case just referred to in disposing of a similar question in the *Matter of the Estate of Edward Lynch* (52 How., 367) ; and in delivering his opinion in that case he made quite an extensive examination of the authorities bearing upon the question.

In deciding *Pierce* v. *Chamberlain* (41 How., 501), DANIELS, J., followed the doctrine of *Cooke* v. *Meeker* (*supra*) ; and the same learned judge, in delivering the opinion of this court in the first department, in *Powers* v. *Powers* (49 Hun, 219 ; 16 N. Y. St. Rep., 770) followed *Cooke* v. *Meeker ;* and in alluding to the rule laid down said : " No authority has been found, neither is there any probability that any can be, in any manner modifying or changing this rule."

In delivering the opinion in *Rodman* v. *Fincke* (68 N. Y., 246),

RAPALLO, J., says, viz. : "In some cases where the amount of the fund cannot be ascertained till a period after the testator's death, but the bequest is of the interest on such fund during the life of the legatee, it has been held that to carry out the intention of the testator the legatee for life must be allowed interest on the fund as afterwards ascertained, to be computed from the death of the testator. (*Williamson* v. *Williamson*, 6 Paige, 298 ; *Gibson* v. *Bott*, 7 Vesey, 89.) *This rule is especially equitable when the fund has all the time been yielding income in the hands of the executors.* (See *Hilyard's Estate*, 5 Watts & Serg., 30.) For these reasons we think that the grandchildren are entitled to interest on the deficiency demonstrated by the sale, from the time of the death of the testator."

Surrogate TUCKER, in the *Matter of Fish's Estate* (19 Abb. Pr., 212), said : "Annuities or incomes, and interest upon sums directed to be invested upon trust to pay over interest or income, commence to run from the death of the testator." For that doctrine he cited the opinion of the Supreme Court in *Cooke* v. *Meeker* (42 Barb., 533). The doctrine of the cases to which we have referred was stated approvingly by Surrogate BERGEN in *Bullard* v. *Benson* (1 Dem., 494).

Surrogate ROLLINS, in *Nahmens* v. *Copely* (2 Dem., 257), indulges in some doubting criticism of the doctrine of *Cooke* v. *Meeker* (*supra*), but in closing his opinion he applies the principle of that case to the question before him, as he says : " Nevertheless, in view of the peculiar language of this testator's will, I have decided to allow interest from his death upon the legacy under consideration. He expressly declares that the provision for his grandchild shall be for her 'support and education.' This feature seems to me to be one of controlling importance, and to justify the claim urged by the special guardian in her behalf." So far as the case is entitled to respect as an authority, it supports the doctrine of the cases already cited. The same remark may be made of the opinion in *Clark* v. *Butler* (4 Dem., 379).

After carefully considering the language of the will and the circumstances relating to the testator's estate, and the authorities to which we have referred, we are of the opinion that the plaintiffs are entitled to receive the net interest and income upon $60,000,

less the State tax from the day of the death of the testator, and that, according to the terms of the submission, judgment should be rendered against the said executors, and to be paid out of said estate for the amount claimed, $3,429.

MARTIN and MERWIN, JJ., concurred.

Judgment directed in favor of the plaintiffs for $3,429, against the executors, payable out of the estate, with costs.