Judicial Settlement of the Accounts of the Executors of JAMES A. O'HARA, Deceased.

(Surrogate's Court, Onondaga County, January, 1897.)

Legacy — Interest.

A bequest in trust with a direction that the income shall be applied to the use of a person for life, does not entitle the legatee to interest from the time of decedent's death, where the estate was not invested at the time of such death so as to be productive of income, and the executors received none during the year following the granting of letters testamentary.

JUDICIAL settlement of accounts.

McGowan & Stolz, for executors.

D. B. Magee, for legatee.

GLASS, S. The testator provided in his will as follows: " I direct them (the executors) to pay over to my sister, Ann Magee, the sum of five thousand dollars, in trust, nevertheless, for the following purpose, to-wit: To use the income thereof and so much of the principal as may be necessary for the proper and suitable support and maintenance of my mother, Margaret O'Hara, during her lifetime; and upon the death of my mother, I direct that said

trust shall cease and so much of said sum of five thousand dollars as shall remain shall belong to my said sister and her personal representatives absolutely."

The testator's mother survived him something more than a year and the question has arisen as to the period from which the legacy above provided for bears interest.

The legatee in trust claims interest from the testator's death. The executors contend that interest should not be allowed from any earlier period than the expiration of one year from the granting of letters testamentary.

At common law the general rule is that interest upon a legacy is payable only at the expiration of a year from the testator's death.

Substantially the same rule exists in this state as the result of the provision of our statute (formerly 2 R. S. 90, § 43; now § 2721, Code Civ. Pro.), that no legacy shall be paid until after the expiration of one year from the time of granting letters testamentary or of administration, unless the same are directed by the will to be sooner paid.

The language of Peckham, J., in Thorn v. Garner, 113 N. Y. 198, is: "The statute prohibits the payment of legacies until a year after the granting of letters testamentary; and the general principle is that interest upon legacies is not payable until the principal becomes due. If interest be allowed before that time, without a specific direction in the will, it constitutes an exception to the rule, and is founded generally upon certain facts which the courts have agreed are equivalent to an express direction in the will to pay interest, because, from such facts, the courts will presume an intention on the part of the testator to have it paid. The fact that the legacy was payable to an infant child, or to an infant towards whom the testator had stood in *loco parentis*, such as a grandchild, and that there was no other provision made in the will for the maintenance of such legatee, has been regarded by the courts as a fact sufficiently indicative of the intention of the testator to authorize payment of interest from his death, although such direction is not found in the will."

Other familiar instances in which the law will presume an intention on the part of the testator that a legacy shall bear interest from the date of his death, are legacies to creditors in satisfaction of debts, and legacies to widows for maintenance and support in lieu of dower.

Surrogate's Court, Onondaga County, January, 1897. [Vol. 19.

Annuities also are reckoned from the time of the death of the testator.

Comparatively recent decisions of the higher courts of this state have added another exception to the general rule governing the payment of interest upon legacies.

This exception applies to cases where there is a bequest of income, under certain circumstances, and it is to this class of cases that it is claimed the legacy in trust to Ann Magee for the benefit of decedent's mother belongs.

The latest adjudication of the Court of Appeals upon the question is the Matter of Stanfield, 135 N. Y. 292. The doctrine is there stated with great clearness and accuracy by Maynard, J., as follows: "Where the income of an estate or a designated portion is given to a legatee for life, we think it is clear that he becomes entitled to it whenever it accrues, and if the estate is productive of income from the death of the testator, he can require the executor to account to him for the income from that time. * * * If the estate is sufficient for the liquidation of debts and other charges, and is so invested as to be productive of income from the death of the testator, a bequest of income to a legatee for life must be construed to invest him with a title to such income from the date of the testator's demise, unless there is some provision in the will from which a contrary intent is to be inferred."

It is obvious that this doctrine is not applicable to the legacy in question for the benefit of Mrs. O'Hara, for the reason that the estate of Doctor O'Hara was not so invested at the time of his death as to be productive of income; in fact, it never has been productive of income. His personal estate was small, not sufficient to pay any considerable portion of his indebtedness. He had valuable real estate, but it not only has been entirely unproductive of income, but has been the source of a great and constant expense to his estate in the way of taxes, interest upon incumbrances and other charges. Only recently, after several years of skillful management, the executors have been able, from the sale of the real estate, to provide for the payment of the balance due to the creditors of the deceased, and at the same time, save something to the legatees.

It is true that the language found in the opinion in the case of Cooke v. Meeker, 36 N. Y. 15; and in Barrow v. Barrow, 55 Hun, 503, is broad enough in its application to include the legacy in question.

The doctrine was stated in Cooke v. Meeker as follows: "The authorities would seem abundant, therefore, to sustain the doctrine that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death."

When it is considered that in both Cooke v. Meeker and in Barrow v. Barrow, and in most of the authorities cited in those cases, the estate in controversy was in fact so invested at the time of the testator's death as to be productive of income, it is by no means certain that it was intended, by the language quoted, to ignore the question of the condition of the estate, as to investment, as one of the necessary factors of the problem.

If there is any conflict, however, between the decisions, the statement of doctrine contained in the Matter of Stanfield must be considered as the more authoritative.

I, therefore, conclude that, inasmuch as the estate of Doctor O'Hara remaining after the liquidation of debts was not so invested at the time of his death as to be productive of income, and as no income was, in fact, received by the executors during the year following the granting of letters, the legacy of Ann Magee in trust bears interest only from the expiration of one year from the granting of letters testamentary.

Ordered accordingly.