## IN THE MATTER OF FISH'S ESTATE.

*Surrogate's Court, County of New York; July*, 1865.

### INTEREST ON LEGACIES.

Under the provisions of the Revised Statutes, interest on general legacies commences to run from the period of one year from the issue of letters testamentary, not in one year from the death of the testator.

*It seems*, however, if a direction be given in the will for an earlier payment, or a clear inference can be drawn of such an intention on the part of the testator, from the language of the will, then interest commences to run from the time fixed for the payment of the principal; and annuities, or incomes and interest upon sums directed to be invested upon trust to pay over interest or income, commence to run from the death of the testator.

Petition to the surrogate for the payment of legacies, with interest.

The facts are stated in the opinion.

*C. A. Hand* and *John S. Lawrence*, for the petitioners.

*W. C. Traphagan*, for the residuary legatees.

*S. F. Cowdry*, executor, in person.

G. J. TUCKER, *Surrogate.*—The testatrix died March 13, 1862. Letters testamentary were issued upon the probate of her will, February 29, 1864, a litigation having been had in this court on the question of probate, lasting nearly two years.

By her will and codicil, a legacy of $20,000 was given to Allen S. Campbell, and one of $1,000 to Sarah Smith, since deceased. Mr. Campbell and the administrator of Mrs. Smith now petition for the payment of their respective legacies, demanding interest from the date of one year after the death of the testatrix. The executor admits the possession of assets, and submits to the surrogate the question "whether interest must be paid on the legacies from the period commencing at the expiration of one year from March 13, 1862, or from the period commencing at the expiration of one year from February 29, 1864," when the letters issued.

The question is, whether the statute, in allowing the executor a year after he became executor for his convenience in collecting the assets, before he should become liable to pay the general legacies, also postponed to the same time the right of the legatee to be allowed interest.

The Revised Statutes say (3 *Rev. Stat.*, 5 ed., 177, § 48): "No legacies shall be paid until after the expiration of one year from the time of granting letters testamentary, unless the same are directed by the will to be sooner paid."

And the rule is stated by Williams on Executors, 1221, that "the interest on general legacies is to be computed from the time at which the principal is actually due and payable."

When were the legacies to Campbell and Mrs. Smith due and payable? The will is silent. The law has therefore, I think, fixed their payment at the expiration of one year from the date of the letters.

But Surrogate Bradford, in Lawrence *a.* Embree (3 *Bradf.*, 364), held that "interest accrued from one year after the death

of the testator." He held that the Revised Statutes "had not changed the rule as to the payment of interest;" and that a deprivation of interest resulting from a delay in the probate of the will, would "award a premium for contestation, and sanction injustice." Upon these grounds he allowed the charge of interest after a year from death.

But this decision of Surrogate Bradford was made in October, 1855, and probably before that distinguished jurist was made aware of the decision of the Court of Appeals, rendered in June of the same year, in the case of Bradner *a.* Faulkner (12 *N. Y.*, 472).

The counsel for the petitioners in this proceeding have argued that the dictum in Bradner *a.* Faulkner is inapplicable to the present case, but I cannot so decide. It seems to me that the reporter's note is fully borne out by the express language of the decision. The former is, that "unless a will so directs, a legacy does not draw interest before it is legally payable." It is unnecessary to refer to English decisions, since this is held to be the rule under the statute of this State, which has indicated the policy of the Legislature as to legacies and their interest.

Chief-justice GARDINER said in this case: "As the will is silent on the subject of interest, and as the statute prohibits the payment of legacies until one year from the time of granting letters, and as the practice of the court, prior to the statute, allowed the same time to the executor, the decision of the court below" (in favor of interest from the death of the testator) " can only be justified by an express direction of the testator for earlier payment, or by an implication from the provisions of the instrument, equivalent to such direction." "The appellants can rely upon the general rule, that no interest would accrue until it became, by law, the duty of the executors to pay the legacy. The judgment of the Supreme Court should be reversed."

The rule with respect to interest on legacies and bequests would therefore appear to be pretty well settled in this State.

1st. Interest on general legacies commences to run from the period of one year from the issuance of letters testamentary.

2d. But if a direction be given in the will for an earlier payment, or a clear inference can be drawn of such an inten-

tion on the part of the testator, from the language of the will, then. interest commences to run from the time fixed for the payment of the principal. This is not the case under the will now before me.

3d. Annuities, or incomes and interest upon sums directed to be invested upon trust to pay over interest or income, commence to run from the death of the testator. (42 *Barb. S. C. R.*, 533.)

Following the decision of the Court of Appeals, I feel compelled to deny the claim of these legatees to receive interest for any time earlier than from one year after the date of the letters testamentary.