### In the Matter of the Petition of HUGH M. STANFIELD.

Where the income of an estate or of a designated portion thereof, is given to a legatee for life he becomes entitled to whatever income accrues thereon from and after the death of the testator, unless there is some provision in the will from which a contrary intent can be inferred, and the legatee may require the executor to account to him from that time.

To such a case the rule that general legacies shall not bear interest until the expiration of one year from the grant of letters testamentary or of administration, has no application.

The time of payment, however, is not affected and the legatee must wait therefor until the expiration of one year from the granting of letters.

Where, therefore, the will of S. directed his executor to invest $20,000 in a manner specified and pay over the income to his son for life, and at his death the principal to another, and it appeared that the corpus of the estate was so invested at the time of the testator's death as to produce income, *held*, that the son was entitled to the income from the death of the testator although not to its payment until a year from the granting of letters testamentary; that although the executor had a year in which to make the investment directed, as the gift of the income was wholly independent of the gift of the principal, the right to the former did not depend upon the investment, and whatever income arose from the principal until the investment was made, as directed, belonged to the legatee to whom it was expressly given.

*Cooke* v. *Meeker* (36 N. Y. 15), explained.

Reported below, 64 Hun, 277.

(Submitted June 8, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 13, 1892,

which affirmed an order of the surrogate's court, directing the payment of interest upon a legacy to the petitioner herein from the death of his testator.

The facts, so far as material, are stated in the opinion.

*Lowrey, Stone & Auerbach* for appellant. General legacies are not payable until one year after the issuance of letters, and interest does not commence to run until the legacy is payable. (2 R. S. 90, § 43; *In re McCowan*, 123 N. Y. 526, 531; *Kerr* v. *Dougherty*, 17 Hun, 341; *In re Lynch*, 52 How. Pr. 367; *Nahmens* v. *Copely*, 2 Den. 253; *Garr* v. *Bennett*, 3 id. 433; *Bradner* v. *Faulkner*, 12 N. Y. 472; *Welch* v. *Brown*, 14 Vroom. 37; *Powers* v. *Powers*, 1 N. Y. Supp. 636; *Barrow* v. *Barrow*, 8 id. 783; *Pierce* v. *Chamberlain*, 41 How. Pr. 501.)

*William A. Boyd* for respondent. The petitioner is entitled to interest on the legacy from the date of the death of the testator, viz., May 28, 1890. (*In re Fish*, 19 Abb. Pr. 209; *Cooke* v. *Meeker*, 36 N. Y. 15; Hillyard's Estate, 5 W. & S. 30; *Barrow* v. *Barrow*, 8 N. Y. Supp. 783; *Powers* v. *Powers*, 1 id. 636.)

*John Notman* for respondent. When a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death. (*Cooke* v. *Meeker*, 36 N. Y. 15; *In re Lynch*, 52 How. Pr. 367; *Nahmens* v. *Copely*, 2 Den. 253; *Gibson* v. *Bott*, 7 Ves. 89; *Bradner* v. *Faulkner*, 12 N. Y. 472; *Kent* v. *Dunham*, 106 Mass. 586; *Thorn* v. *McGowan*, 124 N. Y. 526.)

Maynard, J. The respondent is given in the will of his father the income of twenty thousand dollars for life. The estate was inventoried at three hundred thousand dollars. There were bequests of the income of various sums aggregating, with the respondents, eighty-five thousand dollars.

It is undisputed that after the payment of all just debts, the income-bearing principal of the estate will be largely in excess of this sum. The decedent's property was so invested at the time of his death as to be productive of revenue, and the income received by the temporary administrator and the executor, from May 28, 1890, to February 12, 1892, was over thirty thousand dollars, or at the annual rate of six per cent upon its inventoried value. The executor is directed in the will to invest twenty thousand dollars in bonds and mortgages, or government bonds and pay over the income to the respondent; but this investment has not been made. Upon a proceeding properly instituted the Surrogate's Court made an order directing the executor to pay the respondent the interest on ten thousand dollars at the rate of three per cent annually from the testator's death until the further direction of the court. Both parties appealed to the Supreme Court, where the order was affirmed, without costs, and the executor has brought this appeal, upon which the attorneys for the residuary legatee also file a brief for a reversal of the order.

Where the income of an estate, or of a designated portion, is given to a legatee for life, we think it is clear that he becomes entitled to it whenever it accrues, and if the estate is productive of income from the death of the testator, he can require the executor to account to him for the income from that time. The rule that general legacies shall not bear interest until the expiration of one year from the grant of letters testamentary, or of administration (*Matter of McGowan*, 124 N. Y. 526), has no application in such a case. It is, by its terms, limited to general legacies payable out of the corpus of the decedent's estate. In the present case the bequest is not of a part of the principal of the estate, or of any property possessed by the testator in his lifetime; but of that which is to arise or accrue after his death from a specified fund to be set apart for that purpose. It is the income which constitutes the respondent's legacy. He is not seeking to charge the estate with interest upon his legacy, but is simply endeavoring to secure the legacy itself and his effort,

therefore, involves no infringement of the rule regulating the payment of interest upon general legacies.

It is argued that the bequest of the income to the respondent and of the principal sum, out of which it is to arise, to the residuary legatee, are to be treated as but one legacy payable to different persons; and that as the executor is directed to invest the principal sum in a certain class of securities and pay over the income to the respondent, he has the statutory year in which to make the investment; and that thus the case is brought within the operation of the rule upon which appellant relies. Such a construction cannot be adopted without doing violence to the language of the will. The gift of the income is independent of the gift of the principal; and the right to the income does not depend upon the investment, but was created and exists regardless of it. The direction to the executor, with respect to the investment of the fund, has reference to the administration of the trust, and cannot be available to defeat the legatee's title to income accruing previously to the time when the investment is required to be made. Until it is made an equivalent in value of the property out of which the fund is to be raised must be deemed to stand in place of the investment, and whatever income arises from it meanwhile, belongs to the legatee to whom it has been expressly given. The rule which deprives the legatee of interest upon a general legacy for the period of one year is not founded upon any presumed intent of the testator. It had its origin in the ecclesiastical courts and was, to a certain extent, a rule of convenience. It was also, in part, the outgrowth of the ancient doctrine that the assent of the executor was necessary to complete and perfect the title of the legatee and to authorize him to take possession of his legacy, and the period of one year from the testator's death was fixed upon as a reasonable time in which the executor must determine whether he would take upon himself the execution of the will. At the end of that time he was required, either to renounce the appointment, or be prepared to liquidate the debts and legacies.

When this rule was adopted, the principal, if not the sole, assets of a decedent's estate were, ordinarily, not interest-bearing or income-producing, and hence there was both justice and propriety in deferring, not only the time of payment of a legacy, but also the right to interest thereon until the personalty could be converted into money for its satisfaction. At the present time, the personal estate of a testator is frequently made up of securities or investments bearing interest, or yielding an income, and in such cases there does not seem to be any rational grounds upon which the rule can rest, except for such brief period of time as the money required to pay the legacy is actually lying idle and uninvested in the executor's hands. The executor must account for the increase of the estate from the testator's death, and so it will often happen that such increase will fall into the residuary estate and go to the legatees but remotely entitled to the testator's consideration, to the prejudice of general legatees who had the principal claim upon his favor, and for whom he undoubtedly intended to make immediate provision.

Such would be the practical result in this case if the appellant succeeds in its contention.

The income of twenty thousand dollars, given to the respondent, a son of the testator, would, for a period of nearly fourteen months, be wrested from him and paid to the residuary legatee, a grandson, who is otherwise munificently remembered in the will.

We are asked to cause this to be done, not by virtue of the command of any statute, but because a rule formulated under different conditions than now exist, and founded in part upon a legal·fiction, seems to require it. While we recognize the binding force of the rule, we are not disposed to extend the field of its operation to other than general legacies, payable out of the body of the testator's estate. There is no difference in principle between the gift of an annuity and the gift of income, with respect to the time when each begins to accrue, and it is conceded that an annuity is payable from the death of the testator, unless a different time is prescribed in

the will.  It is true that an annuity usually consists of a gross
sum payable in any event, while income must depend upon
the earnings of the estate, or some part of it, after deducting
lawful charges and commissions, and, of course, if not earned
cannot be paid.  But this is a contingency which affects not
the quality of the gift, but its amount and the certainty of
payment.  If the estate is sufficient for the liquidation of
debts and other charges, and is so invested as to be productive
of income from the death of the testator, a bequest of income
to a legatee for life must be construed to invest him with a
title to such income from the date of the testator's demise,
unless there is some provision in the will from which a con-
trary intent is to be inferred.  The statutory time of payment
of the income to the legatee is not affected by this construc-
tion.  He must still wait, as the respondent did, until the
expiration of one year from the grant of letters before pay-
ment of the income can be demanded, but he is then entitled
to his share of the net income which has previously accrued.

There are many authorities which support our conclusion
in this case.  (*Cooke* v. *Meeker*, 36 N. Y. 15; *Pierce* v.
*Chamberlain*, 41 How. Pr. 501; *Matter of Lynch*, 52 id.
367; *Powers* v. *Powers*, 16 St. Rep. 770; *Barrow* v. *Bar-
row*, 29 id. 240; *Matter of Fish*, 19 Abb. Pr. 209; *Craig*
v. *Craig*, 3 Barb. Ch. 76; *Hilyard's Estate*, 5 Watts & S.
30; *Eyre* v. *Golding*, 5 Binn. 472.)

We would have been content to have affirmed this order
upon the authority of the case of *Cooke* v. *Meeker* (*supra*),
but it has been repeatedly insisted in the Surrogates' Courts
that the views of the learned chief justice upon the point
here involved were obiter, and, therefore, not authority to
sustain the claim of the respondent, and that the decision of
the case turned upon the fact that the legatee was a minor,
and that the gift of income was intended for her support and
maintenance, and that the case was, therefore, brought within
a well-known exception to the general rule with reference to
the payment of interest upon legacies.  We do not so read
the opinion.  While the plaintiff was a minor, it does not

appear that the testator stood *in loco parentis* to her, or that there were any words in the will indicating that the bequest was for her support, further than the direction that the income of a specified sum was to be applied to her use during her lifetime. There were other like bequests of income, some of which were to adults, and the court evidently intended to lay down a general rule for the guidance of the executors and trustees, with respect to all such legacies in the will. At page 19 it is said: "The weight of authority, undoubtedly, now is in favor of allowing the payment of annuities or incomes to commence at the testator's death;" and again, at page 22, after reviewing the cases: "The authorities would seem abundant, therefore, to sustain the doctrine that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death."

The order must be affirmed, with costs to the respondent, to be paid out of the residuary estate.

All concur.

Ordered accordingly.