In the Matter of the Estate of BERNARD TRAVIS, Deceased.

EDWARD M. L. EHLERS and Others, as Executors, etc., of BERNARD TRAVIS, Deceased, Appellants ; CHARLES E. TRAVIS, Individually and as Guardian, etc., Respondent.

*Will — interest upon a legacy computed from the testator's death — reasonable time to make a sale of real estate directed by a will.*

The evident intention of a testator was that the sum of $3,000, bequeathed by a clause of his will, should be set apart within a reasonable time for the benefit of his grandchildren.

In a proceeding instituteᴅ to compel the executors and trustees named in the will to pay such sum to the respective parties, no excuse was shown by the executors for not complying with the directions of the will.

*Held,* that said grandchildren were entitled to the interest on their respective legacies from the testator's death, and that the order of the surrogaté directing the payment to them of the interest on such legacies was proper.

*Semble,* that two years is an ample time within which to sell real estate under directions contained in a will.

APPEAL by Edward M. L. Ehlers and others, as executors of the last will and testament of Bernard Travis, deceased, from an order of the Surrogate's Court of the county of Westchester, entered in the office of the surrogate of Westchester county on the 25th day of November, 1894, directing them to pay interest upon certain money bequeathed by the will of Bernard Travis, deceased.

*Joseph C. Crane* and *W. H. Robertson,* for the appellants.

*Platt & Thompson,* for the respondent.

BROWN, P. J.:

The will of Bernard Travis, deceased, was admitted to probate on June 3, 1892. It contained the following provision :

"*Seventh.* I do hereby direct my hereinafter named executors and trustees, the survivor or survivors of them, to set apart from my estate the sum of three thousand dollars, and I do hereby give and bequeath the said sum to them, to have and to hold the same in trust, and the interest and income arising therefrom to be paid to and equally divided between my three grandchildren, Lewy Travis, Augusta G. Travis and Robert H. Travis, and upon their respectively attaining the age of twenty-one years I do give and bequeath

to each of them the sum of one thousand dollars, to be paid from the aforesaid sum."

This proceeding was instituted in October, 1894, to compel the executors to pay such legacies.

The affidavit of the executor, Edward M. L. Ehlers, filed in answer to the petition, states that the personal property is insufficient to pay the legacies and they must be paid from the sale of real estate and that a large portion thereof had been taken by the city of New York and that the remaining portion had not been sold.

It does not appear from the appeal papers that any evidence was given by the executor in support of the allegation of his affidavit which I have quoted, and we are not informed as to what part of the real estate was taken by the city of New York, nor for what purpose, or at what price or under what statute the city acquired the land, or of the relative value of that taken by the city and that held by the executor.

By the will of the testator, the executors were directed to sell the testator's real estate "upon such terms and at such price and in such manner," as they should deem for the best interests of the estate.

No reason is assigned why such portion of the real estate as was not taken by the city has not been sold. The direction of the will worked an equitable conversion of the land, and, while the executors are entitled to a reasonable time in which to effect a sale, in the absence of all explanation, we are of the opinion that two years was ample time within which to have complied with the direction of the will.

The evident intention of the testator was that the sum of $3,000, bequeathed by the seventh clause of the will, should be set apart, within a reasonable time, for the benefit of his grandchildren, and they are entitled to interest on their respective legacies from the testator's death. (*Cooke* v. *Meeker*, 36 N. Y. 15; *King* v. *Talbot*, 40 id. 76.)

No excuse was shown by the executors for not complying with the direction of the will, and the order should be affirmed, with ten dollars costs and disbursements.

DYKMAN and CULLEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.