the case, but the statute must be construed as it is without any reference to the amount of money involved in the transaction.

Upon the hearing testimony was offered as to the making of all of these instruments and the due probate of the will, the present condition of the accounts and showing a history of all of these transactions on the part of Jabez A. Bostwick, and the acts of the trustees and the condition of the accounts down to date. This testimony was taken over objection because it would be practically deciding the case at once if it was excluded, and so the ruling upon the objection was reserved until the final decision in the matter. Having now arrived at a conclusion as to what this statute means, I am convinced that all of this testimony should be excluded, and I therefore sustain the objection and grant the motion to strike out the same.

There have been several decisions in this state bearing upon this subject, but I consider the case of Udell v. Stearns, 125 App. Div. 196, 109 N. Y. Supp. 407, and McCrum v. McCrum, 141 App. Div. 83, 125 N. Y. Supp. 717 (where even the similar condition of one child born before the making of the will, and the others afterward, existed as in this case), lead me to but the one conclusion, namely, that that portion of the statute "unprovided for by any settlement" means a settlement made by the testator.

It would be possible for me at this time to discuss at length the many arguments raised in the voluminous briefs in this case; but I have carefully read and weighed every one of them, and it leads me to the same conclusion above expressed, so that I feel that no good purpose would be served by so doing.

I therefore direct that the will of Albert C. Bostwick be admitted to probate, but that the decree to be entered thereon shall provide that Albert C. Bostwick, Jr., Lillian S. Bostwick, Dunbar W. Bostwick, and George H. Bostwick, on the death of Albert C. Bostwick, became seised in fee, as his heirs at law, each of an undivided one-fifth of the real estate of which he died seised, subject to the dower of his widow, Marie S. Bostwick, and that they are each entitled to have distributed to them, respectively, two-fifteenths of the personal estate of which said Albert C. Bostwick died possessed. This provision for them is the same as they would have been entitled to had said Albert C. Bostwick died intestate.

Findings and decree in accordance with this memorandum will be signed. Costs and allowances to be fixed at the time of making the decree.

Probate decreed.

(79 Misc. Rep. 177.)

### In re WOLFF.

(Surrogate's Court, Kings County.   January, 1913.)

1. WILLS (§ 733*)—RIGHTS OF LEGATEES—MAINTENANCE.

Under a will giving a certain amount in trust to invest in first mortgages upon improved real estate at the rate of 5 per cent., and to pay the net income to a daughter for life, and providing that, if the estate was insufficient to pay all his legacies in full, the daughter's legacy should be paid in full, and any necessary reduction be ratably borne by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the other legacies, so that the trust fund should be unimpaired, the provision for payment of 5 per cent. income to the daughter was a legacy for her support and maintenance, payable from the death of the testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1819–1846; Dec. Dig. § 733.*]

2. WILLS (§ 730*)—RIGHTS OF LEGATEES—INCOME OF PERSONALTY—ACCRUAL.

Where the personal estate so devised produced no income for two years, and the administrator then had the chance to convert it into money, the daughter, on settlement of his account, should be paid from the principal of testator's general estate the prescribed rate of income from the date of the testator's death; any complaint against the executor for failure to earn income being enforceable only by the general legatees.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1785–1792; Dec. Dig. § 730.*]

Proceeding upon the judicial settlement of the account of Harry Wolff, as executor of the estate of William Wolff, deceased. Decree for legatee.

L. J. Morrison, of New York City, for executor.

George Wood, of Poughkeepsie, for objector.

Jacob Goodman, for Rachel Wolff, general guardian for Rosalind Wolff, infant.

KETCHAM, S. [1, 2] The will contains a legacy of $5,500 in trust to invest on first mortgage upon improved real estate at the rate of 5 per centum, and to pay the net income to a daughter during her life.

There follow several general legacies, and then this provision:

"Ninth. In the event that the total of my estate shall be insufficient to pay in full the legacies above provided for, I direct that the full sum of five thousand five hundred dollars hereinabove provided for my daughter, Esther Wolff, shall be paid in full, and that the reduction, if any, necessary shall be borne ratably by all the other legacies; it being my clear will that the share of my said daughter's trust fund shall remain for her unimpaired."

The estate, except for items which were less than the debts and expenses of administration, was unproductive stock in a real estate corporation. This stock was held for two years until a fair chance arose for the sale of the corporate property and the conversion of the stock into money by the executor. The provision for the daughter, especially in view of the solicitude of the testator that the trust for her benefit should be preferred to other legacies, must be regarded as a legacy for support and maintenance. It was therefore a gift to take effect at the death of the testator. Payable then, it should now be paid for the entire period elapsed since the death, less the expenses of the administration of the trust. Matter of Kings County Trust Co., 141 App. Div. 43, 125 N. Y. Supp. 713.

It is not perceived that the rule in regard to this legacy can be other than that which the law would apply if the gift had been of a specific sum payable at the testator's death or of an annuity to commence at that time. The subject of the gift which was carved out of the general estate was income upon the trust fund at the rate of five per

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

centum. "It is the income which constitutes the respondent's legacy." Matter of Stanfield, 135 N. Y. 292, 293, 294, 31 N. E. 1013, 1014.

As to legacies of this kind, interest is payable from the testator's death, or, as in this case, the prescribed rate of income is to be paid from that time, even though the condition of the estate was such that the payment was impracticable or impossible.

The only distinctive feature of this case is that, without any assigned fault on the part of the executor, there has been no income earned, and the disputed legacy, if payable, must be taken from the principal of the general estate. The cases which approach most nearly to the present question have been concerned with estates in which there was some increase which could be applied to the preferred legacy and resort to the residuary principal was not required. In some of them it has been said, without argument and without any direct relation to the question involved, that, if no income had accrued, none could be paid. In one case, where no income had accrued and the executor had failed for two years to convert the estate for the payment of a legacy in trust, the allowance of interest was regarded as a penalty upon the executor for his default. Matter of Travis, 85 Hun, 420, 32 N. Y. Supp. 887.

The only source from which the beneficiary of the trust can be awarded relief is the principal of the general estate, and then only upon the theory that in some form the equivalent of 5 per centum per annum on $5,500 was separated from the general assets, and was given to the beneficiary. All that the general legatees took was the residue after the trust provision should be fully satisfied, and it is for them, and not the primary legatee, to enforce complaint if the executor has improperly held the estate in a barren condition. The theory above stated must prevail if, as was said in Matter of Stanfield, supra, "it is the income which constitutes the * * * legacy."

This must result notwithstanding the obiter suggestions that there can be no payment of income, unless income has been earned.

Decreed accordingly.

---

(79 Misc. Rep. 180.)

### In re FRY.

### In re NASSAU TRUST CO. OF CITY OF BROOKLYN.

(Surrogate's Court, Kings County. January, 1913.)

