### LAWRENCE v. LITTLEFIELD et al.

(Supreme Court, Special Term, New York County. May 16, 1914.)

WILLS (§ 728*)—CONSTRUCTION—LEGATEE FOR LIFE—RIGHT TO INTEREST OR INCOME.

    Where a bequest of a life estate in a residuary fund prescribes no time for the commencement of the interest or the enjoyment of the use or income of the residue, the life legatee is entitled to interest or income from the time of the death of testator, and this principle is applicable whether income has been earned or not.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1759–1780; Dec. Dig. § 728.*]

Action by Julia Morris Curtiss Lawrence against Charles E. Littlefield, administrator with will annexed of Mary G. Pinkney, deceased,

---

and others.    Demurrer interposed by defendant Louis H. Morris to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action overruled, with leave to answer on terms.

The testatrix, Mary G. Pinkney, died in New York City in 1908, leaving an estate worth several millions of dollars, which consisted for the most part of unimproved lots in the city.    After making a number of specific gifts, testatrix provided in her will that her real estate should be converted into money by her executors, paid over to trustees and by them invested.    She gave the income of one-third of the residue of her estate to her niece for life and provided that the principal of the amount so invested for her should at her death go to her children.    The executors of the estate for about four years after the death of testatrix sold very little of the real estate, and then sold an amount thereof of something over $2,000,000.    A third of the proceeds was invested for the niece; the fund being finally turned over to the substituted trustees for her.    The remainder of the estate, worth several millions of dollars, was still unsold and was unimproved property and entirely unproductive.    The action was brought by the niece Mrs. Julia M. C. Lawrence, to have the court declare that she was entitled to the income from the date of the death of testatrix, notwithstanding the fact that no income was actually received.

Frederick H. Sanborn, Henry Wollman, and Edward S. Seidman, of New York City, for plaintiff.

Henry A. Forster, of New York City, for defendant Louis H. Morris.

GREENBAUM, J.    The rule is well settled "that in the bequest of a life estate in a residuary fund, and where no time is prescribed in the will for the commencement of the interest or the enjoyment of the use or income of such residue, the legatee for life is entitled to the interest or income of the clear residue, as afterward ascertained, to be computed from the time of the death of the testator" (Williamson v. Williamson, 6 Paige, 298, 304; Cooke v. Meeker, 36 N. Y. 15, 22; Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013; Roosevelt v. Roosevelt, 5 Redf. Sur. 264; Edwards v. Edwards, 183 Mass. 581, 67 N. E. 658; Van Blarcom v. Dager, 31 N. J. Eq. 783); and this principle is applicable whether income is earned or not (Roosevelt v. Roosevelt, supra; Meldon v. Devlin, 31 App. Div. 146, 158, 53 N. Y. Supp. 172; Edwards v. Edwards, supra; Taylor v. Clark, 1 Hare, 161).

Demurrer overruled, with costs, and with leave to the defendants to answer upon payment of costs within ten days after service of notice of entry of order hereon.