In the Matter of the Accounting of ELSIE LE PINNET, as Executrix of HERMANN KRACKE, Deceased, Petitioner.

Surrogate's Court, Westchester County, May 16, 1944.

*Milton Annis* for petitioner.

*Jacob S. Ruskin,* special guardian for Madeline Le Pinnet and others, infants.

GRIFFITHS, S. In this executor's accounting proceeding, petitioner seeks advice and directions as to the disposition of a portion of the residuary estate. Under paragraph "THIRD" of the will, the testator left one third of his residuary estate to his daughter, the petitioner herein, and one third to his grandchildren. The concluding subdivision of the same paragraph reads as follows: "(c) I direct that my Executrix purchase with the remaining one-third (1/3) of my estate, an annuity from any legal reserve insurance company authorized to do business in the State of New York and whose assets exceed the sum of One hundred million ($100,000,000.00) Dollars, and that such annuity shall provide that there be paid to my son, FRED KRACKE, the sum of Fifty ($50.00) Dollars per month as long as he may live, or until such time as the principal and combined interest be exhausted. I further direct that such annuity shall contain a provision that upon the death of my son, FRED KRACKE, before he shall have received the entire principal and interest upon such annuity, then the sum of Sixteen ($16.67) and 67/100 Dollars per month shall be paid by such insurance company to the wife of FRED KRACKE, named SYLVIA KRACKE, and the balance of Thirty-three ($33.33) and 33/100 Dollars each month shall be paid by such insurance company to my daughter, ELSIE LE PINNET, until the entire principal and interest upon such annuity is exhausted."

It is estimated that one third of the residuary estate will amount to approximately $3,333. The court is advised that an insurance annuity to produce $50 per month to the named beneficiary would cost approximately $20,000. It is evident, therefore, that the testamentary wishes cannot be fulfilled by following the method of investment directed by the will. An examination of the will as a whole indicates a simple testamentary scheme to divide the residuary estate into three equal parts or shares, payable in the manner indicated to the respective beneficiaries. Under subdivision "(c)" of paragraph "THIRD", it was the evident primary intent of the testator to provide for a definite monthly payment of $50 to his named son, presumably one of the natural objects of his bounty. The testator's wish as to the mode of investment to assure payment of the stipulated amount is of secondary importance, and if impossible of fulfill-

ment, must necessarily yield to the primary object sought to be achieved. Under such circumstances, the executrix is relieved from making the designated investment.

Since the provisions of section 47-b of the Decedent Estate Law prohibit present payment of the capital sum to the beneficiary outright, some alternative mode of investment, which will effectuate the· testator's wishes, must be adopted. This can be accomplished by the executrix' retaining the fund pursuant to appropriate directions of the court. The executrix is accordingly authorized and directed to retain the fund available under subdivision " (c) " of paragraph " THIRD " and to invest a portion or all thereof in legal investments and deposit any balance in a savings bank or banks doing business in the State of New York, the proportion between the two prescribed modes of investment to be in the sole discretion of the executrix. The executrix will collect the income therefrom and pay the same, after deducting any proper charges thereon, and so much of the principal as may be necessary to provide a monthly payment of $50 to the primary beneficiary, Fred Kracke, so long as he lives, or until the fund is exhausted. Under the well-settled· authorities, the prescribed annuity is payable from the death of the testator. (*Kearney* v. *Cruikshank,* 117 N. Y. 95; *Matter of Stanfield,* 135 N. Y. 292.) Upon the decease of the primary beneficiary before the depletion of the fund, the remaining provisions of the will with respect to the secondary beneficiaries will be effectuated in like manner. The executrix will be required to file a bond of an approved surety company in an. amount to be fixed in the decree to be made hereon, unless all the named beneficiaries waive the same by appropriate instruments.

The fee of the attorney for petitioner will be fixed in the decree to be made hereon. Counsel is requested to file a supplemental affidavit covering the additional services rendered by him interim the date of the present affidavit now on file and the submission of the proposed decree for signature.

Settle decree accordingly.