Howard C. DAVIDSON
v.
The UNITED STATES.

Mary B. PATTERSON
v.
The UNITED STATES.

Jefferson PATTERSON
v.
The UNITED STATES.

Julia S. CARNELL TRUST, Third
National Bank & Trust Com-
pany, Trustee,
v.
The UNITED STATES.

Stuart C. DAVIDSON
v.
The UNITED STATES.

Mary H. D. SWIFT
v.
The UNITED STATES.

Frances P. DAVIDSON
v.
The UNITED STATES.

Julia S. DAVIDSON
v.
The UNITED STATES.
Nos. 231–54 to 238–54.

United States Court of Claims.
March 6, 1957.

Charles T. Akre, Washington, D. C., for plaintiffs. John S. Nolan and Miller & Chevalier, Washington, D. C., were on the briefs.

James X. Kilbridge, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew F. Oehmann, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

These cases present the question whether certain payments which the plaintiffs received from an estate were interest, within the meaning of the income tax laws, and therefore properly included in their taxable income.

Julia S. Carnell died on February 12, 1944, a resident of Ohio. By her will she gave legacies of specified dollar amounts directly to certain of the plaintiffs, and shares in a similar legacy bequeathed to a trustee to the other plaintiffs. The administration of the estate was carried out during the years 1944, 1945, 1946 and 1947, and no distribution of any part of the estate was made until 1947. During the years 1944, 1945 and 1946, the estate had considerable taxable net income, which was taxed to the estate, and those taxes were paid.

█ It is the law of Ohio, as it is of many other states, that if administration of a will which gives pecuniary legacies is protracted, there should be added to the legacy when it is paid interest running from a date one year after the appointment of the executor down to the date of payment of the legacies. The doctrine is a common law creation, apparently originating in the chancery courts in England. Its philosophy is that, generally speaking, the property will be earning income during the years of administration which in-come, except for this doctrine, would increase the legacy of the residuary legatee, or the next of kin, if there was no residuary gift; and that those who have been named as legatees of specific amounts should not be deprived of their legacies and also of the income from the funds from which their legacies will ultimately be paid. Instead, however, of undertaking the task of relating income earned by the estate to the funds from which the legacies will be paid, the courts, for ease of administration, have awarded interest at a fixed rate. That, of course, means that the legatees will receive interest at the fixed rate, whether the estate earned more or less than that much income, or earned no income at all.[1]

The courts in applying the doctrine here under discussion call the payments "interest" and the payments are ordered by the courts as compensation to the legatees for being deprived of the possession and enjoyment of the money during the period of administration. So the payments are called interest and they look like interest in at least one important respect. Yet the plaintiffs say that, to the extent these payments of so-called interest exceed the actual income of the legacy money during the year in which the legacies are paid, the payments are not interest within the meaning of the income tax statute.

The plaintiffs' principal reliance is on section 162(d) (4) of the Internal Revenue Code of 1939, as added by section 133(a) of the Revenue Act of 1943, c. 63, 58 Stat. 21, 26 U.S.C. (1952 ed.) 162 (d) (4). This section reads, in part, as follows:

"If for any taxable year of an estate or trust the deductions allowed under subsection (b) or (c) solely by reason of paragraph (2)

---

1. See, in general, on the doctrine, Sitwell v. Bernard, 6 Ves. 520, 31 Eng.Rep. (reprint) 1174, 1182; Webster v. American Bible Society, 50 Ohio St. 1, 33 N.E. 297; Gray v. Case School of Applied Science, 62 Ohio St. 1, 56 N.E. 484; State Bank of Chicago v. Gross, 344 Ill. 512, 176 N.E. 739, 75 A.L.R. 172; In re Stanfield's Estate, 135 N.Y. 292, 31 N.E. 1013; Welch v. Adams, 152 Mass. 74, 25 N.E. 34, 9 L.R.A. 244.

or (3) (A) in respect of any income which becomes payable to a legatee, heir, or beneficiary exceed the net income of the estate or trust for such year, computed without such deductions, the amount of such excess shall not be included in computing the net income of such legatee, heir, or beneficiary under subsection (b) or (c)."

In explanation of the cryptic language of section 162(d) (4), the content of the other sections referred to therein will be summarized. An estate or trust is, of course, a taxable entity for income tax purposes, separate from the executor or administrator or trustee in his individual capacity. Section 162(b) allows as a deduction from the income of the estate or trust that amount of its income for the taxable year which is currently distributable to beneficiaries, but provides that that amount shall be included in the taxable income of the beneficiaries, whether it is actually distributed to them or not. Section 162(c) provides that if the executor, administrator or trustee has discretion as to whether to distribute income or accumulate it, that which is actually distributed may be deducted from the estate's taxable income, but shall be included in the income of the beneficiaries. Section 162(d) (1) provides that if distribution may be made out of other than income, but the amount actually distributed does not exceed the distributable income of the estate for the taxable year, then the amount distributed shall be deductible to the estate and taxable to the beneficiaries as provided in section 162(b) and (c). If the amount distributed exceeds the income, the amount deductible by the estate and taxable to the beneficiaries is arrived at by apportioning the distribution to income and corpus of the estate.

■ The purpose of this statutory ensemble is to make certain that the income of an estate is taxed, as income, either to the estate or to the beneficiaries. It is equally its purpose that the same income should not be taxed to both the estate and the beneficiaries.

In the instant case, the estate earned income of some $300,000 during the years 1944, 1945, and 1946. Since this income was not distributable, or, if it was distributable at all, it was so only in the discretion of the executors and was not in fact distributed, it was taxable to the estate and was so taxed. In 1947 the estate earned $20,907.06 of taxable income. In that year it distributed $189,000 to the plaintiff legatees as "interest" on their legacies, pursuant to the common law rule discussed above. The plaintiff legatees say that only the $20,907.06, the estate's 1947 income, is taxable to them and, correspondingly, deductible to the estate. The Government says that the whole $189,000 is taxable to the legatees as interest received and deductible by the estate as interest paid. The deduction would be of almost no value to the estate since, as we have seen, it had only $20,907.06 of income in that year.

If the will had said that the legatees should have, in addition to the fixed sums of their legacies, the income earned by the estate, but had given discretion to the executor to accumulate the income until he decided to distribute it, and the estate had earned income of $168,092.94 ($189,000 minus $20,907.-06) in the years 1944, 1945 and 1946 and paid income taxes on that amount, and had earned income of $20,907.06 in 1947 and had in that year distributed the whole $189,000, along with the principal sums of the legacies, to the legatees, there would seem to be no doubt that $168,092.94 of the $189,000 would be tax free to the legatees, since it had been taxed to the estate. It would be deductible to the estate under section 162(c), but the excess of the deduction over the 1947 income of the estate would, under the specific provisions of section 162(d) (4) not be taxable to the beneficiaries. The deduction to the estate, to the extent that it exceeded the estate's income for the year, would, of course, be worthless to the estate.

The foregoing discussion treats the $189,000 paid to the plaintiffs as if it had been income of the estate, directed by the testator to be paid to the legatees, at a time within the discretion of the executor. The Government says that it need not have been and may not have been income, though there was in fact more than $300,000 of income, but may have been corpus. If it was corpus, it would seem not to have been taxable at all. It would have been as if the testator had said that he gave each legatee a specified sum plus such an additional amount as would constitute six percent of the specified sum for each year, more than one, that he had to wait for his legacy. Such a legacy, of an amount which could be made certain by mere mathematical calculation, would be nontaxable under the provision excluding gifts, devises or inheritances from taxable income.

If then, we treat the $189,000 payment as being made from the estate's income, the provisions of section 162 make it nontaxable to the legatees, except to the extent of the $20,907.06, and if we treat it as being paid from the corpus, it is not taxable income at all. This would seem to leave to the Government only the argument that the payments are called "interest" under the common law rule, and that interest is taxable income to the recipient. But that argument is not valid. The true nature of the payment must be looked at, and the purposes of section 162 must be adhered to, regardless of the name which, for other purposes, might be applied to the payments.

We conclude that the plaintiffs are entitled to the refunds for which they sue, with interest as provided by law and judgment is entered to that effect. The exact amounts of their judgments will be determined in further proceedings under our rule 38(c), 28 U.S.C.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.