Joseph A. -Cox, S.
The testator’s will creates a trust in the principal amount of $10,000 for the benefit of his grandchild Dorothy and an identical trust for the benefit of his grandchild Allan. The term of each trust is measured upon the life of the income beneficiary with contingent provisions for payment of the principal to the beneficiary during his or her lifetime.
The income beneficiaries of these trusts became entitled to trust income from the date of the testator’s death pursuant to the explicit provision contained in section 17-b of the Personal Property Law. That statute is expressive of long existing law which, among other decisions, was stated in Matter of Stanfield (135 N. Y. 292). In the latter case (p. 294) it was said: ‘1 Where the income of an estate, or of a designated portion, is given to a legatee for life, we think if is clear that he becomes entitled to it whenever it accrues, and if the estate is productive of income from the death of the testator, he can require the executor to account to him for the income from that time.” Where delay occurs in the allocation of cash or particular assets to a trust, it is required that a computation of income be made as if cash or a fair cross section of the estate assets had been allocated to the trust and the income derived, from the date of the testator’s death, is payable to the beneficiary.
This will does not bequeath any general legacy and, for such reason, there is no occasion to apply the rule that, since a general legatee becomes entitled to his legacy only upon the expiration of the statutory period of administration, interest upon such legacy begins to run only from the date upon which the legacy becomes payable (Surrogate’s Ct. Act, § 218). This will bequeaths half of the residuary estate as an absolute legacy to the testator’s daughter Rosalind and the balance of the residuary estate in trust for the benefit of another daughter Diana. The income earned during the period of administration of the estate, and not payable to the beneficiaries of the afore-mentioned pecuniary trusts, is distributable equally between Rosalind, as the residuary legatee, and the residuary trust for the benefit of Diana (Personal Property Law, § 17-b). Such division would be a simple process had payments of equal amounts of principal been made concurrently to the residuary legatee and the residu *572 ary trust, but the executor chose to make such payments in unequal amounts on different dates and thereby placed upon himself the burden of adjusting the income payments in an equitable manner. The fact that litigation was pending to recover property from the residuary legatee does not affect the allocation of estate income, for it must be assumed that upon collection of such property the estate also obtained any income or interest derived from the property while it was withheld. In any event, litigation respecting uncollected property does not enter into the allocation of income earned on the assets which at all times were in the hands of the executor.
The contentions of the special guardian and the residuary legatee are sustained as above indicated and the executor will serve and file a computation allocating income in conformity with the rulings herein made.