UNITED STATES of America,
Appellant,

v.

William H. FOLCKEMER and Capitola
B. Folckemer, Appellees.

No. 19135.

United States Court of Appeals
Fifth Circuit.

Aug. 24, 1962.

John F. Murray, Atty., Louis F. Ober-dorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., Harry Baum, Atty., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., John H. Baumgarten, Asst. U. S. Atty., for appellant.

Robert B. Wallace, Corpus Christi, Tex., for appellees.

Before RIVES, CAMERON and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

The primary question presented is whether the amount of $13,666.67, which the taxpayer[1] received during 1954 from the estate of William L. Honnold was part of a bequest or was interest includible in the taxpayer's gross income. If held to be interest, then another question arises as to whether the amount is taxable in 1954, the year of its receipt by the taxpayer, or in 1955 under the conduit theory of taxation.

The testator, Honnold, died in 1950. His will duly probated in Los Angeles, California, bequeathed to Folckemer, "in the event he survives me by six months, the sum of One Hundred Thousand Dollars ($100,000.00)." On October 28, 1954, the executor paid to Folckemer the sum of $113,666.67 in satisfaction of the $100,000.00 bequest plus $13,666.67 paid

1. The husband, William H. Folckemer is referred to as the taxpayer.

under the provisions of Section 162 of the California Probate Code, which reads as follows:

"Section 162. Pecuniary legacies; Interest commencement of annuities; Interest. General Pecuniary legacies, if not paid prior to the first anniversary of the testator's death, bear interest thereafter at the rate of 4 percent per annum. Annuities commence at the testator's death and are due at the end of the annual, monthly or other specified period. Whenever an annuitant, legatee of a legacy for maintenance or beneficiary * * * or trust income commencing at the testator's death, he shall be entitled to interest at 4 percent per annum on the amount of any unpaid accumulations of such payments or income held by the executor or administrator on each anniversary of the decedent's death, computed from the date of such anniversary."

After making full findings of fact, the district court concluded:

"The Court is of the opinion that under the California law, the entire amount of $113,666.67 is a bequest to the Plaintiffs, paid in one lump sum, and therefore no portion of which is taxable as 'interest income.' The Court will further observe, however, that even if such was not the Court's verdict, the amount of $13,666.67 was received by Plaintiffs as an income from the estate and should not be taxable to the Plaintiffs until the year 1955 under the conduit theory of taxation, Section 662(b) of the 1954 Code."

Thus, the district court accepted the taxpayer's theory that the $13,666.67 was a part of a specific bequest not to be included in the gross income of the taxpayer. See Sections 102(a) and 663(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 102(a) and § 663(a) (1).

In support of that theory the taxpayer urges that although the California Probate Code Section 162, quoted supra, would label the payment as interest, the Supreme Court of California in the case of In re Hubbell's Estate, 1932, 216 Cal. 574, 15 P.2d 503, treated such a payment as part of a specific legacy when it said:

"Nor do we think Section 3290 of the Civil Code militates against appellants' claim for interest. That section reads: 'accepting payment of the whole principal, as such, waives all claim to interest.' * * * we are inclined to the view that interest is due on a legacy, not as a penalty for nonpayment or default in payment, but as a part of or an accretion to the legacy itself. * * *"[2]

■■ We do not undertake to decide that question of California state law, which appears to us mostly a matter of nomenclature or semantics, because we think that it is the will of Congress which controls. When that will is clearly expressed so as to carry out a purpose of giving uniform application to a nation-wide scheme of taxation it is controlling.[3] The Supreme Court has settled that the term "interest" as used in a revenue act bears the ordinary and well-known meaning of "compensation for the use or forbearance of money." Deputy v. DuPont, 1940, 308 U.S. 488, 498, 60 S.Ct. 363, 84 L.Ed. 416; see also Equitable Life Assur. Soc. of U. S. v. Commissioner, 1944, 321 U.S. 560, 564, 64 S.Ct. 722, 88 L.Ed. 927.

The specific provisions of the Internal Revenue Code of 1954 leave no doubt

2. In accord, the taxpayer cites cases: In re Estate of Schmierer, (Sup.Ct.Calif. 1914) 168 Cal. 747, 145 P. 99, and In re Platt's Estate, Platt v. Platt, (Sup. Ct.Calif.1942), 21 Cal.2d 343, 131 P.2d 825.

3. Burnet v. Harmel, 1932, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; Lyeth v. Hoey, 1938, 305 U.S. 188, 194, 59 S.Ct. 155, 83 L.Ed. 119; Morgan v. Commissioner, 1940, 309 U.S. 78, 80–81, 60 S.Ct. 424, 84 L.Ed. 585; 10 Mertens Law of Federal Income Taxation, Zimet Revision, Sec. 61.02.

that interest on a legacy is includible in the gross income of the legatee:

"§ 61. *Gross income defined*

"(a) *General definition.*—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

\* \* \* \* \* \*

"(4) Interest;

\* \* \* \* \* \*

"(15) Income from an interest in an estate or trust."

[26 U.S.C.A., 1958 ed., § 61(a) (4) and (15).]

"§ 102. *Gifts and inheritances*

"(a) *General rule.*—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance.

"(b) *Income.*—Subsection (a) shall not exclude from gross income—

"(1) the income from any property referred to in subsection (a); or \* \* \*."

[26 U.S.C.A., 1958 ed., § 102(a) and (b) (1).]

Treasury Regulations on Income Tax (1954 Code) Section 161.7 provides that the term "interest" as used in Section 61 of the Code, supra, includes "interest on legacies." See also I.T. 1720, II–2 Cum. Bull. 54 (1923); 6 Mertens Law of Federal Income Taxation, Zimet Revision, Sec. 36.43, p. 120.

■ One Court of Claims decision supports the taxpayer's position. Davidson v. United States, 1957, 149 F.Supp. 208, 137 Ct.Cl. 416. No mention is made in that decision of the earlier clear holding of the Third Circuit to the contrary in Wolf v. Commissioner, 3d Cir., 1936, 84 F.2d 390. See also Foster's Estate v. Commissioner, 5 Cir., 1942, 131 F.2d 405; Clarke v. Commissioner, 1944, P.H.T.C. Memorandum Decisions, par. 44,246. We conclude that under the statute and regulations, as construed in the better-reasoned decisions and authorities, the California statutory interest was includible in the taxpayer's gross income.

■ Turning then to the second question, we note that the taxpayer was not an income beneficiary of the estate. He was the recipient of a money legacy. The statutory interest payable to him is for the detention of his legacy beyond the first anniversary of the testator's death. The conduit theory upon which the district court relied deals with the income tax treatment of estate income distributable to a beneficiary. Section 662 of Internal Revenue Code of 1954, 26 U.S.C.A. § 662. Here, the statutory interest to the taxpayer legatee has no relation to the scheme of distribution of estate income. The payment to the taxpayer in 1954 was gross income to him properly included in the taxable year in which received by the taxpayer. 26 U.S.C.A. § 451.

The judgment is therefore reversed with directions to enter judgment for the defendant, the United States.

Reversed with directions.