Joseph A. Cox, S.
The testator died in 1950. His will created a residuary trust measured by the life of his stepdaughter with the income payable to his widow as the primary beneficiary and the stepdaughter as the secondary beneficiary upon the widow’s death. The testator directed that upon the trust’s termination the principal be paid to his widow, if living, and if she not be living to other individuals. The widow died in 1956 but the stepdaughter whose life measures the trust term is living. The will directs that certain stock dividends, stock rights and capital gains be regarded as trust income. The provision containing
*170 such direction reads as follows: “ (3) In order that the life beneficiaries may receive the largest amount of income possible, said Trustees shall apply the entire net income of all securities, part of the Trust Fund, to the use of the beneficiary or beneficiaries for the time being of the income, even though the price paid for said securities may include a premium or an excess over par value, it being intended hereby that no part of the income shall be applied as a sinking fund to offset the gradual loss of such premium or excess over par value. Said Trustees shall treat as income all dividends upon shares of stock, part of the Trust Fund, whether paid in cash or in stock or any medium other than cash, regardless of whether the surplus from which such distribution is made was accumulated by the corporation paying such dividend before or after my death, or before or after the acquisition of the said shares of stock by the Trustees. If rights to subscribe to stocks, bonds or other securities shall accrue on any of the securities, part of the Trust Fund, the Trustees are authorized, in their sole discretion, to exercise such rights, or to sell the same, and the proceeds of the sale of such rights and/or the value of the rights to subscribe, in the event that the Trustees shall elect to exercise them, at the time of the exercise of such election, shall be income. Profits resulting from the sale of items, part of the Trust Fund, shall be treated as income, whereas losses resulting from the sale of such items shall be treated as capital losses, and shall be deducted from the principal of the Trust Fund.” It is conceded that stock dividends and stock rights received by the residuary trustees and capital gains realized by the trustees will be payable as income to the trust beneficiary but the question arises as to whether such allocation and payment to the trust beneficiary should be made during the executorial administration of the estate from the date of the testator’s death or compliance with the testator’s direction should await such time as the actual funding of the residuary trust shall be accomplished with stock dividends, stock rights and capital gains being treated as trust principal during the interim period. The trust fund has not been transferred to the trustees although almost 13 years have elapsed since the testator’s death and there appears to be no reason to suspect that the testator anticipated this long a delay in the accomplishment of his testamentary purposes. The simple question seems to be whether such a delay should be permitted to prejudice his widow as his primary beneficiary. The executor of the will is a cotrustee of the residuary trust with a trust company. The same trust company is the sole trustee under the will of the widow. One capacity in which the trust *171 company appears places it in the position of contending for the greatest advantages to the widow’s estate. In its other position, as residuary trustee, the trust company appears by separate counsel and speaks for the interests of the secondary income beneficiary and remaindermen. The positions of the persons having interests in the continuing trust are adverse and it would not seem that the trust company can very well take a partisan attitude, particularly if its obligations to all trust beneficiaries arose at the time the will became effective.
It has long been established law that a trust income beneficiary is entitled to income from the date of a testator’s death and this was so prior to the time that such a principle was made a matter of statutory enactment (Cooke v. Meeker, 36 N. Y. 15; Matter of Stanfield, 135 N. Y. 292; Personal Property Law, § 17-b). It must be recognized that it is a testator’s privilege to define income in his own way and if income, within the testator’s definition, be earned after his death it is payable to the income beneficiary (Matter of Stanfield, supra, p. 294). In conformity with this concept it has been held that, absent a contrary direction in a will, the apportionment of extraordinary corporate dividends should be made as of the date of a testator’s death (Matter of Bird, 241 N. Y. 184), a power to invade trust principal operates as of the date of a testator’s death (Matter of Rosenblatt, 104 N. Y. S. 2d 172) and “the time of establishment” of a trust fund is fixed by the date upon which the beneficiary becomes entitled to income (Matter of Baylies, 104 N. Y. S. 2d 238).
A holding in this estate that the rights of the primary beneficiary were dependent upon an actual transfer of funds by the executor to the trustees would not -be a construction of the will based upon either controlling rules of law or the testator’s instructions but would constitute a grant of authority to the executor to control the rights of the income beneficiary by either delaying or expediting the administration of the estate. It is beyond question that the testamentary purpose must be found in the will and cannot be made dependent upon the diligence of a fiduciary in completing his administrative duties. The account in this proceeding discloses that the testator’s debts had been paid in 1951 and that administration expenses had been paid in early 1953. The transactions involving the allocation took place at subsequent dates.
There is no suggestion in this proceeding that there exists any difficult mathematical problem such as influenced the court in Matter of Shubert (10 N Y 2d 461) and in view of the fact that we are concerned with residuary assets, an allocation to either *172 income or principal can be made with equal facility. It is held that the allocation provided in the quoted portion of the testator’s will shall be made as of the date of his death.
Objections First a, b and c asserted by the trustee under the will of the testator’s widow are sustained inasmuch as it appears that the bond in question was listed at an erroneous redemption value in the estate tax proceeding and that the estate of the income beneficiary was entitled to income earned to the date of her death. Objection Second is sustained (Personal Property Law, § 17-d). Objection Third has been disposed of by the construction of the will. The compensation of the attorneys for the executor is fixed in the amount requested.
Submit decree on notice construing the will and settling the account.